[No. 22942-1-II. Division Two. October 2, 1998.]

THE STATE OF WASHINGTON, *Appellant*, v. STEVEN PATRICK DEBELLO, *Respondent*.

David H. Bruneau, Prosecuting Attorney, and C. Danny Clem, Deputy, for appellant.

Michelle R. Ahrens of Ritchie & Strohmeyer, P.S., for respondent (appointed counsel for appeal).

SEINFELD, J. — After Steven DeBello failed to comply with the conditions of his sentence, the trial court sanctioned him by imposing 120 additional days of confinement with

90 days suspended. Holding that the trial court lacked authority to suspend a portion of the additional confinement term, we reverse and remand.

## FACTS

DeBello's original sentence for unlawful possession of a controlled substance, RCW 69.50.401(d), required that he advise the State of any change of address and pay $1,910 in monetary obligations. The trial court later amended the sentence to permit DeBello to perform additional community service work in lieu of paying a portion of his remaining financial obligations. But DeBello failed to perform the additional community service hours or to make payments toward his legal financial obligations. He also failed to notify the State of his change of address.

Following a modification/revocation hearing, the trial court imposed a 60-day term of confinement for each violation, to be served consecutively. It then suspended 90 days of the jail time on the condition that DeBello make payments of not less than $100 per month beginning 30 days after release.

The State appeals, contending that the trial court lacked authority to suspend all or part of a term of confinement for violations of a previous judgment and sentence. DeBello contends that the State lacks standing to appeal because the penalty imposed for the sentence violations was within the standard range, zero to sixty days for each violation. RCW 9.94A.210(1).[1]

## I. Standing

■ RCW 9.94A.210(1) precludes appellate review of State challenges to a standard sentence's duration. It does not prevent the State from appealing a sentence modification that exceeds the trial court's authority or is legally er-

---

[1]RCW 9.94A.210(1) provides: "A sentence within the standard range for the offense shall not be appealed."

roneous. *State v. Bernhard*, 108 Wn.2d 527, 530, 741 P.2d 1 (1987), *overruled on other grounds by State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989); RCW 9.94A.210(7).[2]

In *State v. Shove*, for example, the appellate court accepted the State's appeal of a trial court's reduction of an original judgment and sentence. The *Shove* court held that under the circumstances, the trial court lacked authority to reduce the defendant's sentence. *Id.* at 87.

Here, similar to *Shove*, the State does not challenge the duration of the confinement term. Rather, it challenges the authority of the trial court to suspend a portion of such term on conditions, as the prosecuting attorney stated:

> Your Honor, it is the State's position that under the SRA [Sentencing Reform Act of 1981], deferred suspended sentences are no longer allowed by the court and there's nothing regarding probation violations that are treated any differently.
>
> . . . .
>
> If the court wants to readjust its sentence to 30 days, that's up to the court, but it can not [sic], in my opinion, suspend any of it.

Under these circumstances, the State has standing to appeal. *See Bernhard*, 108 Wn.2d at 530 (RCW 9.94A.210(1) does not apply when State alleges that trial court's sentence is legally erroneous).

## II. Suspension of Confinement Term

As DeBello acknowledges, RCW 9.94A.130[3] eliminated the trial court's discretion to suspend a sentence imposed

---

[2]RCW 9.94A.210(7) provides: "The department may petition for a review of a sentence committing an offender to the custody or jurisdiction of the department. The review shall be limited to *errors of law.*" (Emphasis added.)

[3]RCW 9.94A.130 provides: "The power to defer or suspend the imposition or execution of sentence is hereby abolished in respect to sentences prescribed for felonies committed after June 30, 1984, except for offenders sentenced under RCW 9.94A.120(7)(a), the special sexual offender sentencing alternative, whose sentence may be suspended."

for a felony conviction. *See Shove*, 113 Wn.2d at 90. But RCW 9.94A.130 does not necessarily control here because a trial court acting pursuant to RCW 9.94A.200 does not "sentence" a defendant; rather, it "imposes" or "orders" additional confinement as a "penalty" or "sanction." *See State v. McDougal*, 120 Wn.2d 334, 347, 841 P.2d 1232 (1992) (legislative purpose behind RCW 9.94A.200 is to empower judges to enforce sentences they have imposed; thus its purpose is remedial not punitive). *But see State v. Prado*, 86 Wn. App. 573, 578, 937 P.2d 636, *review denied*, 133 Wn.2d 1018 (1997) (in the double jeopardy context, "modifications of sentences due to violations of the conditions of community supervision should be deemed punishment for the original crime").

■■ DeBello contends that the Legislature's use of the word "may" in RCW 9.94A.200(3)(c) implicitly gives trial courts the discretion to suspend a sentence when sanctioning defendants for violating sentence requirements. We disagree.

RCW 9.94A.200, the relevant statute, provides a specific list of the trial court's options. It states, in pertinent part:

(3) If an offender fails to comply with any of the requirements or conditions of a sentence the following provisions apply:

. . . .

(c) The state has the burden of showing noncompliance by a preponderance of the evidence. If the court finds that the violation has occurred, it *may* order the offender to be confined for a period not to exceed sixty days for each violation, and *may* (i) convert a term of partial confinement to total confinement, (ii) convert community service obligation to total or partial confinement, (iii) convert monetary obligations, except restitution and the crime victim penalty assessment, to community service hours at the rate of the state minimum wage as established in RCW 49.46.020 for each hour of community service, or (iv) order one or more of the penalties authorized in (a)(i) of this subsection.

RCW 9.94A.200. Subsection (a)(i) provides:

Following the violation, if the offender and the department make a stipulated agreement, the department may impose sanctions such as work release, home detention with electronic monitoring, work crew, community service, inpatient treatment, daily reporting, curfew, educational or counseling sessions, supervision enhanced through electronic monitoring, jail time, or other sanctions available in the community.

RCW 9.94A.200(3).

Although this statute gives the trial court broad discretion to enforce sentence requirements, it does not expressly authorize the suspension of confinement terms. And we generally do not imply authority where it is not necessary to carry out powers expressly granted. *See, e.g., Skagit Surveyors & Engineers, LLC v. Friends of Skagit County*, 135 Wn.2d 542, 564-65, 958 P.2d 962 (1998) (courts reluctant to find an agency has implied authority to impose a particular remedy when it is not clearly set forth in the statutory language or its broad implication); *Stahl v. University of Wash.*, 39 Wn. App. 50, 55, 691 P.2d 972 (1984) (by specifically granting the HEPB the power to enforce unfair labor practice provisions and higher education personnel laws, the Legislature excluded from HEPB the power to enforce the Law Against Discrimination).

Further, in contrast to *State v. Hayden*, 72 Wn. App. 27, 30-31, 863 P.2d 129 (1993), where the court found that the general structure and purpose of the Juvenile Justice Act, RCW 13.40, granted the juvenile court the implied authority to modify the nonconfinement terms of a juvenile offender's disposition, the general structure and purpose of the SRA limits the trial court's sentencing discretion and requires determinate sentences. *Cf.* RCW 9.94A.010(3) and RCW 13.40.010; *see also State v. Garcia-Martinez*, 88 Wn. App. 322, 327-28, 944 P.2d 1104 (1997).

Finally, the trial court does not have the inherent authority to suspend a sanction. *State v. Clark*, 91 Wn. App. 581, 585, 958 P.2d 1028, 1030 (1998); *State v. Bird*, 95 Wn.2d 83, 85, 622 P.2d 1262 (1980); *State v. Hall*, 35 Wn. App. 302, 305, 666 P.2d 930 (1983). Rather, "the Legislature must

grant the power to suspend a sentence or defer its imposition or execution."[4] *Clark*, 91 Wn. App. 585. *Accord Bird*, 95 Wn.2d at 85; *Hall*, 35 Wn. App. at 305. Although we recognize the potential beneficial effect of a suspended sanction in motivating compliance, nothing in the statute shows that the Legislature intended to grant courts the discretion to use this remedy.

## III. Remand

DeBello contends that a remand would be useless because the trial court has the discretion to again impose the 30 additional days of confinement already served. While DeBello's premise is accurate, the trial court might have ordered a different sanction had it known that it lacked the authority to suspend a portion of the confinement term. Thus, we remand to the trial court for further proceedings consistent with this opinion.

Reverse and remand for further proceedings.

ARMSTRONG and HUNT, JJ., concur.

---

[4]Before the 1984 effective date of RCW 9.94A.130, the Legislature had expressly given sentencing courts the authority to suspend sentences imposed for any crime except murder, first degree burglary and arson, robbery, carnal knowledge of a female child under the age of ten years, or rape. *See* RCW 9.92.060.