[Nos. 22417-8-II; 22445-3-II.    Division Two.    February 5, 1999.]
THE STATE OF WASHINGTON, *Appellant*, v. JESSICA DAWN HALE, *Respondent.*

THE STATE OF WASHINGTON, *Appellant*, v. MARIA LOUISE PARANTEAU, *Respondent.*

48

*Christopher O. Shea, Prosecuting Attorney*, and *C. Danny Clem, Deputy*, for appellant.

*Louis J. Hoffer* of *Wolfley Hoffer Basden, P.S.*; and *Craig A. Ritchie* of *Ritchie & Strohmeyer, P.S.*, for respondents.

Hunt, J. — The State appeals two defendants' sentences as beyond the trial court's authority under the Sentencing Reform Act of 1981 (SRA). After sentencing Maria Paranteau to 30 months confinement, the Clallam County Superior Court delayed her jail report date until after she completed drug treatment; the court then credited 21 treatment days toward her confinement. In a separate case, the same court similarly credited Jessica Dawn Hale's inpatient drug treatment toward her community service sentence. Holding that such sentences exceeded the trial court's authority under the SRA, we remand for resentencing.

## FACTS
### I. Paranteau

On June 6, 1997, in Clallam County Superior Court, Maria Paranteau pleaded guilty to two counts of possession of a controlled substance with intent to deliver, RCW 69.50.401(a)(1)(ii). On August 22, 1997, she appeared for sentencing and asked if she could pursue drug treatment, beginning September 18, 1997, before serving any other sentence.

The court noted that Paranteau was not eligible for the drug offender alternative under RCW 9.94A.120(6)[1] and found no basis for an exceptional sentence. The court then:

---

[1]Under RCW 9.94A.120(6), the trial court may use the "special drug offender sentencing alternative" if the defendant has no prior felonies. Under such alternative, total confinement may be reduced by time spent in substance abuse treatment. Paranteau, however, had a prior felony conviction and was not eligible for this alternative treatment.

sentenced Paranteau to 30 months[2] confinement, the middle of the standard range; allowed her to remain out of custody before entering confinement, on condition that she report to drug treatment no later than September 18 and to jail on October 24, 1997; and allowed her 21 days credit against her 30 months confinement if she completed drug treatment. But if Paranteau dropped out of the treatment program, she was to report immediately to jail.

On the judgment and sentence form, under section 4.7, "Community Placement and Community Custody," an "x" was placed next to the language "[t]he defendant shall participate in the following crime related treatment or counseling service"; interlineated was "Sundown Ranch Intensive Inpatient for 21 days no later than 9-18-97." Under section 4.10, "Other," was written, "Credit for 21 days at Sundown Ranch if treatment successfully completed."

The State appeals, arguing: (1) The court cannot order an exceptional sentencing condition, such as drug treatment, based on "drug problems"; (2) the court must enter findings and conclusions to justify such an exceptional sentence condition; (3) the court cannot select the place of incarceration for a person sentenced to more than 12 months confinement; (4) the court cannot delay execution of a sentence; (5) the court cannot credit a sentence of 12 months or more with time spent in an inpatient treatment facility; and (6) the court cannot create an indeterminate sentence by giving a defendant the option of entering treatment that she might not complete. Paranteau responds that: (1) The sentence was proper; (2) the state has no standing to appeal the sentence; and (3) even if the State does have standing to appeal, the issue is moot as she has completed drug treatment.

## II. HALE

On September 3, 1997, in Clallam County Superior

---

[2]Paranteau was sentenced to concurrent sentences of 30 months on count one and 5 months on count two.

Court, Jessica Dawn Hale pleaded guilty to two counts of forgery, RCW 9A.60.020. On September 5, 1997, the same court department that had sentenced Paranteau, sentenced Hale to five months of total confinement, 30 days of which it converted to 240 hours of community service. *See* RCW 9.94A.380. The court further ordered that Hale be credited one day toward community service for each day she participated in an inpatient substance abuse program.[3] Because the court did not view Hale's sentence as "exceptional," it entered no findings of fact or conclusions of law to support an exceptional sentence. *See* RCW 9.94A.120(2) and (3). The State objected and appealed.

On appeal, the State argues: (1) The trial court's credit for drug treatment constitutes an "exceptional sentence" under the SRA, but the court failed to enter the required findings of fact and conclusions of law; (2) the SRA does not allow the trial court to credit against community service time spent in an inpatient treatment program; (3) substance abuse treatment is not "community service"; (4) the contingent condition of Hale's sentence, 240 hours of community service if she fails to complete the inpatient program, is an indeterminate sentence, which violates the SRA; (5) this contingent condition transforms the sentence into a "deferred" or "suspended" sentence in violation of the SRA; (6) credit for time served in an inpatient treatment program is tantamount to ordering Hale to undergo such treatment, which violates the SRA; (7) the contingent substance abuse treatment condition is improper because it converts confinement to a nonqualifying "placement"; and (8) the contingent condition is improper because it does not qualify as "total" or "partial" confinement under the SRA. Hale responds that (1) the sentence was proper; and even

---

[3]The trial court stated that it would give credit for treatment completed in an "inpatient treatment facility." The prosecutor apparently misunderstood this as "substance abuse day treatment," and the trial court did not correct his error. As a result, when the prosecutor wrote in the treatment credit amendment on the judgment and sentence form, he referred to "in-patient substance abuse day treatment." For purposes of our holding, it does not matter which type of treatment the trial court intended.

if it was improper, (2) the issue is moot, and (3) the State lacks standing to challenge the sentence.

Because these two cases involve similar issues, we consolidate them for purposes of this opinion. We agree with the State that, regardless of their efficacy in inducing substance abuse treatment for Hale and Paranteau, the treatment portions of both sentences were illegal under the SRA.

## ANALYSIS
### I. MOOTNESS

Paranteau and Hale argue that the trial court's authority to order drug treatment is a moot issue because they have already completed treatment and have served, at least in part, the confinement portions of their sentences. But this issue is a matter of continuing and substantial public interest, "capable of repetition yet easily evad[ing] review." *State v. Clark*, 91 Wn. App. 581, 584, 958 P.2d 1028 (1998). In order to clarify the sentencing court's authority and to provide future guidance, we elect to address this issue.[4] *State v. Blilie*, 132 Wn.2d 484, 488 n.1, 939 P.2d 691 (1997).

### II. STANDING

Paranteau and Hale argue that the Clallam County Prosecutor lacks standing to appeal because their sentences are within the standard range, citing RCW 9.94A.210(1). They contend that, under the SRA, only the Department of Corrections (DOC) has authority to appeal erroneous sentences, not the prosecutor.[5]

---

[4]Because we hold that the trial court lacked authority to order the treatment portions of Hale's and Paranteau's sentences, we need not address the State's other arguments concerning conversion of substance abuse treatment to community service.

[5]Although Hale did not cite RCW 9.94A.210(7), it contains the language to which she refers.

■ ■ The State counters that it has standing to appeal because the trial court exceeded its statutory authority in pronouncing these illegal sentences. We agree. RCW 9.94A.210 prohibits both the State and the defendant from appealing a sentence that is within the standard durational range specified in the SRA.[6] But this prohibition applies only to challenges to the length of the sentence; it does not apply to other sentencing challenges, such as the legality of the sentence. When a trial court exceeds its sentencing authority under the SRA, it commits reversible error.[7] *State v. Bernhard*, 108 Wn.2d 527, 530, 741 P.2d 1 (1987), *overruled on other grounds by State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989). *See also State v. DeBello*, 92 Wn. App. 723, 964 P.2d 1192 (1998).[8]

■ As in *Bernhard* and *DeBello*, here the State is not appealing the *length* of the sentence imposed; rather, the State is appealing the *legality* of specific sentencing conditions. RCW 9.94A.210(7) does not nullify the State's standing to appeal illegal sentences,[9] and "RCW 9.94.210(1) does not apply when [the] State alleges that [the] trial court's sentence is legally erroneous[.]" *DeBello*, 92 Wn. App. at

---

[6]But even standard range sentences can be challenged on appeal if the sentencing court had a duty to follow a specific procedure required by the SRA and failed to do so. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993), clarifying *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986). *Cf.* RAP 16.14.

[7]RCW 9.94A.210(7) permits the DOC to petition the Court of Appeals for review of any sentence for errors of law. The legislative purpose of this statute is to allow the DOC to appeal an erroneous sentence when neither the State nor the defendant appeals the sentence. *State v. Broadaway*, 133 Wn.2d 118, 136 n.5, 942 P.2d 363 (1997).

[8]In *DeBello*, we held that the State had standing to appeal the trial court's suspension of 90 days of a 120-day sentence, even though the defendant's time served, 30 days, was within the standard range.

[9]RCW 9.94A.210(7) gives the DOC the right to appeal errors of law only when all reasonable efforts to correct the error have been exhausted in superior court. It does not remove the traditional right of the State to appeal any sentence that violates the law.

726. Thus, we hold that the State has standing to appeal Paranteau's and Hale's sentences as violative of the SRA.

### III. Legality of Sentences
### A. Standard of Review

■ Whether a trial court has exceeded its statutory authority under the SRA is an issue of law, which we review independently. *See Bernhard,* 108 Wn.2d at 543.

### B. Delayed Execution of Sentence—Paranteau

■ RCW 9.94A.130 expressly prohibits deferring or suspending execution of a sentence.[10] Once a trial court has entered a judgment and sentence of confinement longer than one year, jurisdiction over the defendant passes to the DOC. *January v. Porter,* 75 Wn.2d 768, 453 P.2d 876 (1969); *Clark County Sheriff v. Department of Soc. & Health Servs.,* 95 Wn.2d 445, 448, 626 P.2d 6 (1981). Here, the sentencing court had no power to delay execution of Paranteau's sentence until after she completed drug treatment.

### C. Credit for Drug Treatment Program

■ The Legislature has defined the type of confinement for which credit must be given; confinement is either total or partial. RCW 9.94A.030(8). "Partial confinement" is for one year or less in a state facility[11] or in a residence under home detention; it includes work release, work crew, and any combination of work crew and home detention. RCW 9.94A.030(26). "Total confinement" is for 24 hours a day within a state institution for more than one year. RCW 9.94A.030(35). A sentencing court must give a felon credit for all confinement time served *before* sentencing in con-

---

[10]RCW 9.94A.130 indicates in relevant part that the "power to defer or suspend the imposition or execution of [a] sentence is hereby abolished in respect to sentences prescribed for felonies committed after June 30, 1984[.]"

[11]The facility specified for partial confinement may be operated or used under contract by any unit of government, including drug and alcohol treatment facilities operating under some form of government contract. *See* RCW 9.94A.030(26); *In re Sentence of Chatman,* 59 Wn. App. 258, 263, 796 P.2d 755 (1990).

nection with the offense for which the felon was convicted. RCW 9.94A.120(16). But the SRA does not grant trial courts authority to credit drug treatment against confinement time or community service.

A sentencing court has "discretion in sentencing only where the SRA so authorize[s.]" *Shove*, 113 Wn.2d at 89 n.3. We "generally do not imply authority where it is not necessary to carry out powers expressly granted[,]" especially where the "general structure and purpose of the SRA limits the trial court's sentencing discretion and requires determinate sentences." *DeBello*, 92 Wn. App. at 728. The Legislature did, however, intend that sentencing courts exercise some discretion when imposing community supervision sentences. *Bernhard*, 108 Wn.2d at 540. Such discretion includes specifying the location of confinement for sentences of less than 12 months and imposing drug treatment as part of an exceptional community supervision sentence. *Bernhard*, 108 Wn.2d at 544. But the sentences of Hale and Paranteau are not of this type.

## 1. PARANTEAU

The sentencing court gave Paranteau credit against confinement time by making drug treatment part of her community placement sentence. But the SRA does not authorize the sentencing court to allow a felon, such as Paranteau, to complete a portion of a community placement sentence before confinement. Rather, community placement is to begin *after* confinement or early release from confinement resulting from earned "good time." RCW 9.94A.120(9)(a). Thus, the sentencing court had no authority to give Paranteau credit for drug treatment to be served *before* confinement.

Additionally, the trial court sentenced Paranteau to confinement for more than 12 months; and she was not a first-time offender. The SRA does not authorize community supervision, including drug treatment, for such a repeat offender. RCW 9.94A.383. The trial court had no authority to fashion an exceptional community supervision

sentence not specifically authorized under the SRA. Moreover, because drug treatment was not part of Paranteau's sentence of confinement, the court had no authority to order that time spent in treatment be credited against confinement time.

## 2. HALE

Similarly, the sentencing court had neither statutory authority nor inherent discretion to credit Hale's drug treatment against the community service portion of her sentence. Under RCW 9.94A.150, only the correctional agency (county jail or DOC) has the ability to grant "good time." *See, e.g., In re Personal Restraint of Williams*, 121 Wn.2d 655, 660, 853 P.2d 444 (1993). The SRA grants no authority to trial courts to give "good time" credit. *In re Sentence of Chatman*, 59 Wn. App. 258, 263, 796 P.2d 755 (1990). Here, the court had no authority either to order drug treatment as part of Hale's sentence or to give her credit for time spent in drug treatment. RCW 9.94A.120.

## CONCLUSION

When the Legislature enacted the SRA, it eliminated much of the discretion that trial courts had previously exercised in tailoring individual sentences. Unless the Legislature chooses to restore such discretion, the courts must sentence offenders according to SRA dictates.

The sentences entered here were erroneous, and the credits for drug treatment cannot stand. But we cannot discern from the record whether the trial court would have entered sentences of the same length had it known that the treatment credits were impermissible. Accordingly, we remand both Paranteau and Hale for resentencing, with no credit for drug treatment against their sentences.

ARMSTRONG, A.C.J., and HOUGHTON, J., concur.