IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re Post-Sentence Review of: | ) | No. 31848-6-III |
| | ) | |
| | ) | |
| | ) | PUBLISHED OPINION |
| SHUNDRAE CAGE. | ) | |
| | ) | |

LAWRENCE-BERREY, J. — The trial court granted Shundrae Cage a postsentence furlough for a medical emergency. The Washington State Department of Corrections (DOC) filed an emergency motion to vacate the furlough, arguing that only DOC has authority to grant furloughs. The trial court denied the motion, concluding DOC's authority to grant furloughs is not exclusive. In this postsentence review, DOC contends the trial court lacked the authority to grant a furlough. We agree with DOC, and therefore reverse.

FACTS

Shundrae Cage was convicted of second degree assault, domestic violence, and sentenced to 13 months of confinement in the custody of DOC. His early release date was September 26, 2013, and his planned release date was September 16, 2013, pursuant to DOC's 10-day early release authority.

On July 31, 2013, Mr. Cage filed a motion in Spokane County Superior Court for a furlough under RCW 9.94A.782(2). He explained that his wife needed help with their other children due to serious pregnancy related complications. A note from his wife's doctor stated that she was experiencing pregnancy related heart and kidney issues and that she needed Mr. Cage to help at home with their other children. The State objected, stating that it had a "longstanding policy in our office of objecting to furloughs in the first place." Report of Proceedings (RP) at 8.

On August 2, 2013, the court granted Mr. Cage a temporary furlough to be served on electronic home monitoring. The order stated that the furlough was to begin at 10:00 a.m. on August 5, 2013, and end six weeks after the birth of his child.

As soon as DOC was aware of the furlough order, it filed an emergency motion to vacate it. At the August 9, 2013 hearing, it argued the trial court lacked statutory authority to grant a furlough, maintaining, "[f]urloughs are allowed solely under RCW 72.66.012. And that statute applies to the Secretary of the Department of Corrections, not to the Court." RP at 16.

The trial court denied the motion to vacate, stating that RCW 72.66.012, which authorizes the secretary of DOC to grant a furlough, does not prohibit a trial court from granting a furlough.

DOC filed an emergency motion for accelerated review of the furlough order and a motion to stay. On August 22, 2013, a commissioner of this court granted the stay and the motions to accelerate review and supplement the record. On September 9, 2013, the case was referred to a panel for a determination on the merits.

## ANALYSIS

*Discretionary Review of a Moot Case.* The issue before us is whether the trial court had the authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, to grant Mr. Cage's postsentence furlough. As an initial matter, we note that Mr. Cage's sentence expired in September 2013. The expiration of his maximum term technically renders this case moot. "A case is moot if a court can no longer provide effective relief." *In re Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). However, a court may decide an appeal that has otherwise become moot when "matters of continuing and substantial public interest are involved." *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

In evaluating whether a technically moot case merits review, courts consider "'the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question.'" *In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 736, 214 P.3d 141 (2009) (quoting *Sorenson*, 80 Wn.2d at 558).

3

"'[M]ost cases in which appellate courts utilized the exception to the mootness doctrine involved issues of constitutional or statutory interpretation.'" *Mattson*, 166 Wn.2d at 736 (quoting *In re Pers. Restraint of Mines*, 146 Wn.2d 279, 285, 45 P.3d 535 (2002)).

Mr. Cage does not address the issue of mootness, but DOC contends that despite technical mootness, we should address the merits of the case because the issue of a trial court's authority to grant a furlough for inmates is capable of repetition and is likely to evade review. We agree. We exercise our discretion and choose to decide whether a trial court has inherent authority under the SRA to grant a postsentence furlough.

*Authority to Grant a Postsentence Furlough.* This question raises an issue of statutory interpretation, which is a question of law, reviewed de novo. *State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1998). "Statutory interpretation begins with the statute's plain meaning." *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). We discern plain meaning "from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *State v. Engel*, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009). Only if statutory language is ambiguous do we resort to aids of construction. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). The court's primary goal is to construe the statute in a manner consistent with the legislative

4

intent.

Two statutes intersect here. First, RCW 9.94A.728(2) provides, "An offender may leave a correctional facility pursuant to an authorized furlough or leave of absence." The only statute that authorizes furloughs is RCW 72.66.012, which provides, "The secretary may grant a furlough but only if not precluded from doing so under RCW 72.66.014, 72.66.016, 72.66.018, 72.66.024, 72.66.034, or 72.66.036." A "furlough" is defined as an "authorized leave of absence for an eligible resident." RCW 72.66.010(3).

The statutory language here is not ambiguous. Viewing the interrelationship of the two statutory provisions and the statutory language, RCW 72.66.012 expressly applies to DOC and gives its secretary the discretion to grant a furlough. Trial courts are not mentioned. Under the plain language of RCW 72.66.012, the sole authority to grant furloughs vests with DOC.

This conclusion is supported by Washington case law. In *January v. Porter*, our Supreme Court noted that after sentencing, the court loses jurisdiction to DOC:

> The judiciary's function ends with either a verdict of acquittal, or the revocation of probation, or the final entry of a judgment and sentence. Upon entry of a final judgment and sentence of imprisonment, legal authority over the accused passes by operation of law to the Department of Institutions and the Board of Prison Terms and Paroles and those agencies of the executive branch bear full responsibility for executing the judgment and sentence or granting parole . . . . The courts have long recognized this division of power *and the transfer of the jurisdiction over a finally*

5

No. 31848-6-III
*In re Postsentence Review of Cage*

*convicted felon from the judicial to the executive branch of government.*

*January v. Porter*, 75 Wn.2d 768, 773-74, 453 P.2d 876 (1969) (emphasis added).

Consistent with *Porter*, this court has stated, "Once sentenced, felons are under the jurisdiction of [DOC], even if serving time in a county jail." *State v. Law*, 110 Wn. App. 36, 40, 38 P.3d 374 (2002). More significantly, *Law* stated, "Under this chapter [chapter 72.66 RCW], the Secretary . . . grants furloughs." *Id.* at 41.

The structure of Washington sentencing laws further supports our interpretation. The SRA is structured as a system of determinate sentencing. *State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989). This determinate sentence is ascertained at the time of sentencing and generally is not subject to later change. *Id.* at 86. The SRA permits modifications of sentences in specific circumstances. RCW 9.94A.728. This "leaves no room for inherent authority to be exercised by the sentencing court." *State v. Murray*, 118 Wn. App. 518, 524, 77 P.3d 1188 (2003). The *Shove* court emphasized the importance of finality in rendered judgments, noting that final judgments may be modified only in specific limited circumstances. *Shove*, 113 Wn.2d at 86. None of these specified exceptions apply here.

Here, Mr. Cage had been sentenced when he asked for a furlough. His judgment and sentence provided that on January 7, 2013, he was to begin a 13-month sentence in

6

and sentence provided that on January 7, 2013, he was to begin a 13-month sentence in the custody of DOC. Under *Porter* and *Law*, legal authority over Mr. Cage was transferred from the judiciary to the executive after entry of his judgment and sentence. As such, the trial court did not have the authority to grant a furlough. A sentencing court has discretion in sentencing only where the SRA so authorizes. *Shove*, 113 Wn.2d at 89 n.3. "When a trial court exceeds its sentencing authority under the SRA, it commits reversible error." *State v. Hale*, 94 Wn. App. 46, 53, 971 P.2d 88 (1999).

In view of the plain meaning of the statutes at issue and well-settled case law, we conclude that DOC has the exclusive authority to release prisoners for furlough, and that the trial court exceeded its authority.

We reverse.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____    _____
Brown, J.                                   Siddoway, C.J.

7