# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Post-Sentence Review of | ) ) ) | No. 74490-9-I |
| HAGOS HAPTE HADGU, | ) ) | |
| Respondent, | ) ) | |
| v. | ) ) | |
| STATE OF WASHINGTON, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) ) | FILED: February 16, 2016 |

PER CURIAM. The Department of Corrections (DOC) seeks post-sentence review of a sentencing court's order allowing Hagos Hadgu to travel internationally while on community custody for a sex offense. We conclude that the sentencing court modified Hadgu's judgment and sentence in violation of the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. We therefore grant DOC's petition and vacate the sentencing court's order.

## FACTS

In August 2005, Hadgu was convicted by a jury of rape of a child in the first degree and was sentenced to 144 months confinement and 36 to 48 months of community custody. Appendix H to Hadgu's judgment and sentence set forth the conditions of community custody, including "[r]emain within geographic boundary, as set forth in writing by the Department of Corrections."

In June 2014, Hadgu was released from confinement to community custody. DOC provided Hadgu with a written list of community custody conditions that included:

"[s]ecure written permission from the Community Corrections Officer (CCO) before leaving Washington State," "[r]emain within a geographic area as directed by the DOC as follows: King County," and "[o]btain written permission from the CCO before travelling outside the county in which you reside, unless advised in writing by the CCO that it is not necessary to do so."[1]

In July 2015, after failing to obtain permission from DOC, Hadgu petitioned the sentencing court for permission to travel to Eritrea to visit his elderly, ailing mother. Over the objection of DOC and the State, the sentencing court entered an order allowing Hadgu to travel and tolling his supervision during the time he was to be out of the country. The sentencing court expressed its belief "that there is some provision in DOC guidelines where the DOC can alter a condition of a sentence for unusual circumstances [and] I would intend to - to rely upon that in issuing an order that allows Mr. Hadgu to travel to Eritrea."[2] The sentencing court further stated:

> I am not at all persuaded what I did here constitutes a "modification of sentence." The court-imposed period of post-release supervision was not altered but simply tolled for a short period in which Mr. Hadgu is permitted to visit his aging and ailing mother in Eritrea.[3]

DOC filed a post-sentence petition seeking review of the sentencing court's order under RCW 9.94A.585(7), arguing that the sentencing court acted without lawful authority in modifying Hadgu's community custody provisions. A commissioner of this

---

[1] As part of this petition, DOC also provided a copy of DOC Policy 380.650, which states that "[t]ravel is prohibited outside of the 50 states or the District of Columbia" for offenders on community custody." The policy does not contain any exceptions to this provision.

[2] Report of Proceedings (Sept. 1, 2015) at 17.

[3] Letter from Judge William Downing to Assistant Attorney General Mandy Rose dated 09/15/15 at 2.

court stayed the sentencing court's order pending this court's review.[4] For the reasons below, we grant DOC's petition.

## ANALYSIS

The SRA permits modification of sentences "only in specific, carefully delineated circumstances."[5] SRA sentences can be modified "only if they meet the requirements of the SRA provisions relating directly to the modification of sentences."[6] "Modification of a judgment is not appropriate merely because it appears, wholly in retrospect, that a different decision might have been preferable."[7] These limitations also apply to modifications of community custody provisions.[8]

RCW 9.94A.585(7) permits the State to file a petition challenging a post-sentence modification of a judgment and sentence if the modification exceeds the authority of the sentencing court.[9] We review de novo whether a sentencing court

---

[4] Hadgu subsequently moved to modify the commissioner's order of stay. Because we grant the State's petition and vacate the sentencing court's order, we deny his motion to modify. Upon vacation of the order, the stay will expire.

[5] State v. Shove, 113 Wn.2d 83, 86, 776 P.2d 132 (1989).

[6] Id. at 89.

[7] Id. at 88.

[8] See, e.g., Wandell v. State, 175 Wn. App. 447, 451, 311 P.3d 28 (2013).

[9] RCW 9.94A.585(7) requires the State to file such a petition within 90 days of being notified of the terms of the sentence. Though Hadgu appears to contend that the State failed to timely file its petition because Hadgu was sentenced in 2005, it is clear that the State's petition was timely because it was filed within 90 days of the sentencing court's modification order. See, e.g., Wandell, 175 Wn. App. at 450; In re Post-Sentence Review of Cage, 181 Wn. App. 588, 591, 326 P.3d 805 (2014).

exceeded its statutory authority under the SRA.[10] "When a trial court exceeds its sentencing authority under the SRA, it commits reversible error."[11]

Hadgu argues that the sentencing court had authority to modify his sentence based on RCW 9.94A.703, which provides that a court is required to order an offender "to comply with any conditions imposed by the department under RCW 9.94A.704."[12] But RCW 9.94.703 does not support Hadgu's claim. RCW 9.94A.704 authorizes DOC to impose conditions related to risk to the community, including that the offender must "[r]emain within prescribed geographical boundaries."[13] Hadgu contends that the authority to impose conditions under RCW 9.94A.703 "is shared by the sentencing judge and DOC," thus giving the sentencing court the authority to modify geographical boundaries.[14] But here, the sentencing court ordered Hadgu to comply with the boundaries set by DOC. RCW 9.94A.704 grants DOC the express authority to set geographic boundaries for offenders on community custody. And the SRA contains no express provision permitting the sentencing court to modify this authority it granted to DOC. Therefore, the sentencing court lacked the statutory authority to modify Hadgu's sentence, and abused its discretion in doing so.

Hadgu contends that DOC's refusal to allow him to leave the country violates RCW 9.94A.704(6), which provides that DOC "may not impose conditions that are

---

[10] State v. Smith, 159 Wn. App. 694, 699, 247 P.3d 775 (2011).

[11] State v. Hale, 94 Wn. App. 46, 53, 971 P.2d 88 (1999).

[12] We note that Hadgu committed his offense between 1997 and 2000, which was before RCW 9.94A.703 took effect. Laws of 2008, ch. 231, § 9 (eff. Aug. 1, 2009).

[13] RCW 9.94A.704(3)(b).

[14] Respondent's Opposition to State's Post-Sentence Petition to Prevent Travel filed 02/02/16 at 6.

4

contrary to those ordered by the court and may not contravene or decrease court-imposed conditions." But the sentencing court ordered Hadgu to comply with the geographic boundaries set by DOC. The DOC conditions do not conflict with the judgment and sentence.

Citing former RCW 9.94A.120(11)(e) (2000), Hadgu contends that the legislature has clearly given the sentencing court the express authority to modify community custody provisions in certain circumstances. But former RCW 9.94A.120(11)(e) provided that "[a]t any time prior to the completion or termination of a sex offender's term of community custody, if the court finds that public safety would be enhanced, the court may impose and enforce an order *extending* any or all of the conditions imposed pursuant to this section for a period up to the maximum allowable sentence for the crime."[15] But the trial court did not extend community custody.

Hadgu points to language in State v. Shove that a judgment and sentence "may be vacated or altered . . . in those limited circumstances where the interests of justice most urgently require."[16] Hadgu compares his case to State v. Smith in which the defendant received a sentence of nine months in a work release program.[17] The county subsequently eliminated the work release program for budgetary reasons. This constituted an extraordinary circumstance warranting modification of the sentence because it was "unforeseeable and unanticipated" at the time of sentencing and the sentencing court would not have imposed a nine-month sentence if it had expected the

---

[15] (Emphasis added.) This language is currently codified at RCW 9.94A.709.

[16] 113 Wn.2d 83, 88, 776 P.2d 132 (1989).

[17] 159 Wn. App. 694, 247 P.3d 775 (2011).

5

sentence would be served in total confinement.[18] But Hadgu's mother's advancing age and illness is not equivalent to the unforeseeable elimination of work release in Smith, and thus does not justify modifying Hadgu's sentence.[19]

Finally, Hadgu asserts that the sentencing court's order serves as "a writ of habeas corpus addressed at the unreasonable restraint on Mr. Hadgu's right to travel."[20] But Hadgu did not argue below, nor did the sentencing court conclude, that DOC's geographical boundaries were an impermissible infringement on Hadgu's fundamental right to travel. Hadgu's remedy, if any, is by way of a personal restraint petition.[21]

We grant DOC's post-sentence petition and vacate the order modifying Hadgu's judgment and sentence to permit Hadgu to travel internationally.

FOR THE COURT:

_____

_____

_____

---

[18] Id. at 701.

[19] To the extent that authorization for international travel is analogous to a furlough from confinement, furloughs are within the exclusive authority of DOC. In re Cage, 181 Wn. App. 588, 594, 326 P.3d 805 (2014).

[20] Respondent's Opposition to State's Post-Sentence Petition to Prevent Travel filed 02/02/16 at 13.

[21] See RAP 16.4.