IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52713-8-II |
| Respondent, | |
| v. | |
| SEBASTIAN JOSEPH HALLER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Sebastian Haller appeals his standard range sentence arguing that the sentencing court erred by not granting his request for a drug offender sentencing alternative (DOSA). Specifically, Haller argues that the DOSA statute is unconstitutionally vague. Haller raises several additional issues in a Statement of Additional Grounds (SAG) for Review. We disagree with Haller's arguments and affirm.

FACTS

A jury found Haller guilty of two counts of delivery of a controlled substance—heroin, one count of possession of a controlled substance with intent to deliver—heroin, three counts of possession of a controlled substance—(methamphetamine, oxycodone, methadone), and three counts of tampering with a witness. Haller appealed his convictions and sentence, and Division One of this court affirmed Haller's convictions but remanded for resentencing.

Despite this matter being remanded to the sentencing court on August 23, 2016, Haller was not resentenced until November 14, 2018. At the resentencing hearing, Haller informed the court that he was upset that it took two years to hold his resentencing hearing. Haller requested a

prison-based DOSA. The sentencing court declined Haller's request for a DOSA, explaining, "[G]iven the deliveries, given the criminal history here,[1] there is punishment that is required for that and that is what I'm going to order here." Report of Proceedings (RP) (Nov. 14, 2018) at 10. The sentencing court resentenced Haller to 144 months of total confinement. The sentencing court later amended the judgment and sentence to include 1,450 days of credit for time served as of November 27, 2018.

Haller appeals.

ANALYSIS

I. LEGAL PRINCIPLES

A sentencing court's decision to impose a standard range sentence, and not impose a DOSA, is generally not reviewable. *State v. Hender*, 180 Wn. App. 895, 900-01, 324 P.3d 780 (2014). But a standard range sentence may be challenged on constitutional grounds. *State v. Watson*, 120 Wn. App. 521, 531, 86 P.3d 158 (2004), *aff'd* 155 Wn.2d 574 (2005). "Any action taken by the sentencing court that fails to meet constitutional due process requirements is impermissible." *Watson*, 120 Wn. App. at 533. It is the burden of the party challenging the constitutionality of a statute to prove it is unconstitutional beyond a reasonable doubt. *In re Pers. Restraint of Troupe*, 4 Wn. App. 2d 715, 721, 423 P.3d 878 (2018). We presume a statute is constitutional. *Troupe*, 4 Wn. App. 2d at 721.

Sentencing courts have considerable discretion under the Sentencing Reform Act of 1981 (SRA), including the discretion to determine whether an offender is eligible for an alternative sentence and whether such an alternative is appropriate. *Hender*, 180 Wn. App. at 900-01. The

---

[1] Haller's offender score was 19.

DOSA statute authorizes sentencing courts to impose a reduced sentence with treatment and increased supervision on eligible nonviolent drug offenders who may benefit from the help to recover from their addictions. RCW 9.94A.660.

## II. VAGUENESS

Haller argues that the DOSA statute, RCW 9.94A.660, is unconstitutionally vague. We disagree.

The due process vagueness doctrine requires that penal statutes be specific enough to give citizens fair notice of what conduct it proscribes or requires. *State v. Bahl*, 164 Wn.2d 739, 752-, 193 P.3d 678 (2008). In addition, criminal statutes must "provide ascertainable standards of guilt to protect against arbitrary arrest and prosecution." *State v. Baldwin*, 150 Wn.2d 448, 458, 78 P.3d 1005 (2003). A statute that fails to meet these two requirements is unconstitutionally vague. *Bahl*, 164 Wn.2d at 753.

"The prohibition against vagueness applies both to statutes defining elements of crimes and to 'statutes fixing sentences.'" *State v. Brush*, 5 Wn. App. 2d 40, 57, 425 P.3d 545 (2018) (quoting *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2557, 192 L. Ed. 2d 569 (2015)). Statutes fixing sentences must "specify the range of available sentences" with sufficient clarity. *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017).

In *Baldwin*, our Supreme Court considered a vagueness challenge to two provisions of the SRA. 150 Wn.2d at 457. The Court noted that "[s]entencing guidelines do not inform the public of the penalties attached to criminal conduct nor do they vary the statutory maximum and minimum penalties assigned to illegal conduct by the legislature." *Baldwin*, 150 Wn.2d at 459. The Court held that therefore, "the due process considerations that underlie the void-for-

vagueness doctrine have no application in the context of sentencing guidelines." *Baldwin*, 150 Wn.2d at 459.

Like the sentencing guidelines at issue in *Baldwin*, RCW 9.94A.660 does not fix the penalty for the crimes charged. Rather, it sets the criteria for when a person is eligible for a DOSA and permits the sentencing court to use its discretion in determining whether such an alternative is appropriate. Under *Baldwin*, the vagueness doctrine does not apply to RCW 9.94A.660, and Haller's argument fails.

### III. NO LIBERTY INTEREST

Haller also argues that the DOSA statute creates a constitutionally protected liberty interest and as a result sentencing courts must be required to state the basis for denying a DOSA request. We disagree.

Laws that govern particular decisions given particular facts can create a protected liberty interest, but laws granting a significant degree of discretion cannot. *See State v. Duncalf*, 164 Wn. App. 900, 911n.2, 267 P.3d 414 (2011), *aff'd* 177 Wn.2d 289 (2013). Sentencing courts have considerable discretion under the SRA, including the discretion to determine whether an offender is eligible for an alternative sentence and whether such an alternative is appropriate. *Hender*, 180 Wn. App. at 900-01. The only restriction on that discretion is the requirement to articulate a substantial and compelling reason for imposing an exceptional sentence. *Baldwin*, 150 Wn.2d at 460.

Sentencing guidelines, such as RCW 9.94A.660, "are intended only to structure discretionary decisions affecting sentences; they do not specify that a particular sentence must be imposed." *Baldwin*, 150 Wn.2d at 461. Because RCW 9.94A.660 does not require a particular

4

outcome, and instead leaves sentencing courts the discretion to determine whether a DOSA is appropriate, we hold that it does not create a constitutionally protectable liberty interest.

Moreover, the sentencing court properly exercised its discretion when it declined to impose a DOSA. The sentencing court explained, "[G]iven the deliveries, given the criminal history here, there is punishment that is required for that and that is what I'm going to order here." RP at (Nov. 14, 2018) at 10. An articulation of a valid reason for denying the requested sentence is acceptable. *See State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). Haller's contention that due process required more is unavailing.

## IV. STATEMENT OF ADDITIONAL GROUNDS

Haller makes several additional claims in his SAG, all of which are either outside the scope of this appeal or involve facts outside of the record on appeal, and therefore, we do not address these issues.

A SAG must adequately inform this court of the nature and occurrence of alleged errors. *State v. Calvin*, 176 Wn. App. 1, 26, 316 P.3d 496 (2013). We do not review matters outside the record on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Issues involving facts outside of the record are properly raised in a personal restraint petition (PRP), rather than a SAG. *Calvin*, 176 Wn. App. at 26.

"The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal." *State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d 522 (2011). Even issues of constitutional import often cannot be raised in a second appeal. *Mandanas*, 163 Wn. App. at 717. "'Even though an appeal raises issues of constitutional import, at some point the appellate process must stop. Where, as in this case, the

issues could have been raised on the first appeal, we hold they may not be raised in a second appeal.'" *Mandanas*, 163 Wn. App. at 717 (quoting *State v. Sauve*, 100 Wn.2d 84, 87, 666 P.2d 894 (1983)).

Haller contends that the State committed prosecutorial misconduct by purposefully delaying resentencing in a ploy to delay Haller's ability to file collateral attack. Haller's displeasure with the two year delay between our mandate in his first appeal and his resentencing hearing was noted on the record at the resentencing hearing. But nothing in the record supports Haller's contention that the delay was the result of purposeful stalling by the State. Haller references telephone conversations he and his family had with the prosecutor's office, but there is no record of any such conversations. Issues involving facts outside of the record on appeal are more properly raised in a PRP. *Calvin*, 176 Wn. App. at 26.

Haller also contends that the sentencing court miscalculated his credit for time served. At a hearing on this issue, Haller agreed to the sentencing court's calculation of 1,450 days credit for time served starting on December 8, 2014. Haller now alleges that his DOC records show his sentence start date as July 3, 2014. Generally, an appellant cannot raise an issue for the first time on appeal. RAP 2.5(a). Not only has Haller failed to preserve this issue for appeal by agreeing to the calculation at the resentencing hearing, but no DOC records are contained in the record on appeal. Accordingly, we do not address this issue.

Haller also claims that the sentencing court erred by not crediting him for good time while incarcerated. But the SRA grants no authority to sentencing courts to award good time credit. *State v. Hale*, 94 Wn. App. 46, 56, 971 P.2d 88 (1999). Under RCW 9.94A.729 and RCW 9.92.151, only the correctional facility has the ability to grant good time.

No. 52713-8-II

Finally, Haller contends that he received ineffective assistance of counsel during his trial because his defense counsel failed to object to trial being set beyond the time for trial and was generally unavailable leading up to trial. Haller also claims that the State committed prosecutorial misconduct by purposefully filing charges near the time of defense counsel's vacation. Both of these issues could have been raised in Haller's first appeal, and we do not address them. *Mandanas*, 163 Wn. App. at 717.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

_____
Melnick, J.

_____
Sutton, A.C.J.

7