IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) ) ) | No.  38622-8-III |
| | ) ) | UNPUBLISHED OPINION |
| TAD ALLEN SCHMALTZ. | ) ) | |

LAWRENCE-BERREY, A.C.J. — The Department of Corrections petitions for postsentence review, arguing that Tad Schmaltz's 12-month community custody term is unlawful.  The State correctly concedes error.  We reverse and remand for resentencing.

FACTS

Tad Allen Schmaltz pleaded guilty to two counts of felony third degree assault and one count of gross misdemeanor communication with a minor for immoral purposes. Postsentence Pet., Ex. 1, at 1-2.  At sentencing, the court found Mr. Schmaltz qualified for waiver of a standard range sentence as a first-time offender.  *Id.* at 3.  The court questioned the term of community custody agreed to by the State and Mr. Schmaltz:

> THE COURT:  . . . So six months of community custody, correct?
> There's no treatment being ordered.
> [THE STATE]:  I marked 12, but you can do six, that's correct.
> THE COURT:  Is there any objection to that?
> [DEFENSE COUNSEL]:  No.
> THE COURT:  I'll leave it at 12 . . . .

Br. of Resp't, Attach. A, at 19.

The Washington State Department of Corrections (Department) e-mailed the prosecutor, defense counsel, and the sentencing court, noting that first-time offenders may only be sentenced to 12 months of community custody if they are also ordered to undergo treatment; otherwise, the maximum term is 6 months. Postsentence Pet., Ex. 2, at 1. The Department requested that the parties amend the judgment and sentence or inform the Department of the parties' disagreement with the Department's analysis. *Id.* Only the prosecutor responded, indicating he would not challenge the court's sentence. *Id.* at 2.

The Department referred the case to the Washington State Attorney General's Office, which again reached out to the parties attempting to resolve the issue. Postsentence Pet., Ex. 3, at 2. The prosecutor responded again that he would not agree to an amendment; defense counsel did not respond. *Id.* at 1. The Department then filed this postsentence petition.

## ANALYSIS

The Department contends, and the State concedes, that Mr. Schmaltz's 12-month community custody sentence was unlawful without the imposition of treatment. We agree.

In general, an offender who is sentenced to one year or less of confinement may also be sentenced to up to one year of community custody. RCW 9.94A.702. Under RCW 9.94A.650, however, offenders convicted of certain felonies may receive a sentence outside the standard sentence range if they have never been convicted of a felony before. When sentencing under this first-time offender waiver, "[t]he court may impose up to six months of community custody unless treatment is ordered, in which case the period of community custody may include up to the period of treatment, but shall not exceed one year." RCW 9.94A.650(3).

We recently decided *In re Postsentence Review of Rodriguez*, 21 Wn. App. 2d 585, 506 P.3d 1256 (2022), addressing the same issue raised in this case: whether a defendant sentenced under the first-time offender waiver statute could be sentenced to more than six months of community custody without the court imposing treatment. We held that the specific first-time offender sentencing statute, RCW 9.94A.650, controlled over the general community custody statute, RCW 9.94A.702, and that a defendant sentenced as a first-time offender could not be sentenced to more than six months of community custody unless the court also ordered treatment. *Id.* at 588.

Here, the court sentenced Mr. Schmaltz under the first-time offender waiver statute but did not order treatment. The court accordingly could not impose more than 6 months

of community custody. Thus, Mr. Schmaltz's sentence of 12 months of community custody was unlawful.

The parties agree Mr. Schmaltz's sentence was unlawful but disagree as to the remedy. The Department recommends remanding for imposition of a lawful term of community custody. The State contends a full resentencing is not necessary and we should "remand for only a correction." Br. of Resp't at 8. The State asserts the correction would be a six-month term of community custody. We disagree this error can simply be corrected without resentencing.

The sentencing court stated it was accepting the parties' recommendation and gave no indication of what sentence it would have imposed otherwise. It has many options to impose a lawful sentence under the first-time offender statute: it could lawfully impose the 12 months of community custody if it also orders treatment, it could reduce the term of community custody to 6 months if it chooses not to order treatment, it could order treatment and impose less than 12 months of community custody, or not order treatment and impose less than 6 months of community custody. Correcting the error necessarily requires an exercise of discretion by the trial court. Thus, resentencing is appropriate.

In arguing against a complete resentencing, however, the State contends Mr. Schmaltz will not be subject to the Department's supervision by the time we issue a

decision in this matter. The Department disagrees, providing records that show Mr. Schmaltz's term of community custody has been tolled under RCW 9.94A.171[1] for at least 104 days since supervision began. Reply to Spokane County's Resp. to Postsentence Pet., Ex. 4, Attach. A. The expiration of a sentence generally renders issues relating to that sentence moot. *See In re Postsentence Review of Cage*, 181 Wn. App. 588, 591, 326 P.3d 805 (2014). Thus, on remand, the trial court should first determine whether Mr. Schmaltz has served his sentence such that this issue is moot.

Remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____
Fearing, J.

_____
Staab, J.

---

[1] RCW 9.94A.171 provides that a term of community custody will toll when an offender fails to report to their supervising entity or, for sex offenders, is in confinement for any reason. When a term of community custody is tolling, the offender does not receive credit toward the term ordered. As of January 21, 2022, Mr. Schmaltz's term of community custody had been tolling for 104 days of the approximately 143 days since he was sentenced. Reply to Spokane County's Resp. to Post-sentence Pet., Ex. 4, Attach. A.