IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

In the Matter of the Post-Sentence
Petition of:

WAYNE ALVIN HOLLAND,

                    Petitioner.

No. 86137-9-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — The Department of Corrections (DOC) seeks post-sentence review of the sentence imposed by the trial court in *State v. Holland*, Whatcom County Superior Court Cause No. 22-1-01300-37 and *State v. Holland*, Whatcom County Superior Court Cause No. 23-1-01043-37. On October 2, 2023, Holland pleaded guilty in both cases to multiple counts of felony harassment pursuant to RCW 9A.46.020(b)(ii). DOC Petition, Ex. 1 and 2; Appendix to State's Response. With an offender score above 9, Holland faced a standard range of 51 to 60 months on each count. DOC Petition at 15. As part of a negotiated plea agreement, the State agreed to recommend an exceptional sentence below the standard range consisting of 11 months of confinement plus 49 months of community custody for each count. *Id.* at 15. The trial court sentenced Holland under both cases in accordance with the plea agreement. *Id.* at 16-17, 23, 29-30.

After following the procedures outlined in RCW 9.94A.585(7), DOC filed a post-sentence petition challenging the sentences imposed in both cases. DOC argues that the trial court improperly imposed a term of community custody as part of Holland's

sentence because the legislature did not authorize it to do so, not even as part of an exceptional sentence. The State concedes, and Holland agrees, that the trial court lacked statutory authority to impose a term of community custody. Because Holland's sentence was the product of a negotiated plea agreement, the State and Holland also agree that the proper remedy is for the matter to be remanded for further proceedings, including the possibility of Holland moving to withdraw his pleas.

We review a petition for post-sentence review for legal error, applying de novo review. *In re Post-sentence Rev. of Thompson*, 6 Wn. App. 2d 64, 67, 429 P.3d 545 (2018). The trial court may only impose a sentence, including a term of community custody, that is authorized by statute. *In re Post-sentence Rev. of Leach*, 161 Wn.2d 180, 184, 163 P.3d 782 (2007). "When a trial court exceeds its sentencing authority under the [Sentencing Reform Act] (SRA), it commits reversible error." *State v. Hale*, 94 Wn. App. 46, 53, 971 P.2d 88 (1999).

Here, Holland was sentenced to 49 months of community custody as part of an exceptional sentence. When an individual is convicted of a felony, RCW 9.94A.505(1) states that the sentencing court shall "impose [a sentence] as provided in this chapter." It is well established that the SRA "does not authorize a court to impose community custody for felony harassment," not even for an exceptional sentence. *State v. France*, 176 Wn. App. 463, 473, 308 P.3d 812 (2013) (citing RCW 9.94A.701); *see also State v. Carter*, 3 Wn.3d 198, 230, 548 P.3d 935 (2024) ("an exceptional sentence does not allow the court to impose community custody where no statute authorizes it for the crime of conviction."). Consequently, the trial court did not have the authority to impose community custody on Holland as part of his sentence.

"When a trial court exceeds its sentencing authority under the SRA, it commits reversible error." *State v. Hale*, 94 Wn. App. 46, 53, 971 P.2d 88 (1999).  Because the trial court imposed a sentence not authorized by law pursuant to a negotiated plea agreement, we agree the proper remedy is to remand for further proceedings, including the possibility of Holland moving to withdraw his plea.  *See State v. Barber*, 170 Wn.2d 854, 872-73, 248 P.3d 494 (2011) (noting that parties cannot enter into an illegal plea agreement).

In light of the State's concession of error, we grant DOC's petition for post-sentence review and remand for further proceedings in accordance with this opinion.

Granted.

FOR THE COURT:

_____

_____
Birk, J.

_____
Mann, J.