# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59386-6-II |
| Respondent, | |
| v. | |
| JEREMY MICHAEL PATCHELL, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, C.J.—Jeremy Patchell appeals the total sentence imposed on each of his three convictions for felony violation of a domestic violence court order. He argues that the total sentence of 72 months, which includes 60 months of confinement and 12 months of community custody, exceeds the 60-month statutory maximum under the Sentencing Reform Act of 1981 (SRA), ch. 9.94A RCW. The State concedes.

Because the total sentence for each conviction exceeds the statutory maximum, we remand to the trial court to strike the community custody terms.

FACTS

Jeremy Patchell was convicted of third degree theft, two counts of tampering with a witness, and three counts of violating a domestic violence court order. Patchell has at least two prior convictions for violating a domestic violence court order, meaning his three subsequent

convictions in this case are class C felonies. RCW 7.105.450(5).[1] Patchell's offender score is 9+. Based on this offender score, the standard range term of confinement for his domestic violence court order convictions is 60 months, the top of the standard range. Additionally, the statutory maximum for these offenses is 60 months. RCW 9A.20.021(1)(c). At sentencing, the trial court verbally indicated that it would impose 60 months of confinement and no community custody. When addressing Patchell, the trial court explained "So 60 months. No community custody here." 5 Verbatim Rep. of Proc. at 345. However, in the judgment and sentence, the court imposed 60 months of confinement and 12 months of community custody for each felony violation of a domestic violence court order conviction. Patchell appeals.

DISCUSSION

Patchell argues that this court should reverse his sentence and strike the community custody terms imposed on each felony violation of a domestic violence court order conviction because 60 months of confinement plus 12 months of community custody exceeds the 60-month statutory maximum. The State agrees. We accept the State's concession because the total sentence of 72 months exceeds the statutory maximum.

Whether the trial court exceeded its statutory authority under the SRA is an issue of law reviewed de novo. *State v. Hale*, 94 Wn. App. 46, 54, 971 P.2d 88 (1999). The trial court errs when it imposes a total sentence that exceeds the statutory maximum as provided in chapter 9A.20 RCW. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012); RCW 9.94A.505(5). Furthermore, "[t]he term of community custody . . . shall be reduced by the court whenever an offender's standard

---

[1] RCW 7.105.450 was amended in 2024. Because this amendment does not affect our analysis, we cite to the current version. LAWS OF 2024, ch. 137, § 2.

range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.701(10).

Here, considering Patchell has at least two prior convictions for violating a domestic violence court order, his subsequent convictions in this case are class C felonies. RCW 7.105.450(5). Based on his 9+ offender score, the standard range term of confinement is 60 months, which is also the statutory maximum sentence for his offense. RCW 9A.20.021(1)(c). Ordinarily, the trial court must also sentence an offender to 12 months of community custody in Patchell's circumstance because violation of a domestic violence court order is a crime against a person under RCW 9.94A.411(2).[2] *See* RCW 9.94A.701(3)(a). However, because the trial court was required to sentence Patchell to the statutory maximum sentence of 60 months, no community custody term is available because the total sentence for each of Patchell's offenses, when combined with community custody, exceeds the statutory maximum penalty. The trial court thus erroneously imposed 12 months of community custody for each conviction. Accordingly, we must remand this matter to the trial court to strike the community custody portion of Patchell's sentence.

CONCLUSION

We conclude that the trial court erred by imposing community custody because the total sentence for each conviction exceeds the statutory maximum. Accordingly, we remand to the trial court to strike the community custody terms.

---

[2] RCW 9.94A.411 was amended in 2023. Because these amendments do not affect our analysis, we cite to the current version of this statute. LAWS OF 2023, ch. 196, § 2; ch. 52, § 2.

No. 59386-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

GLASGOW, J.

VELJACIC, J.