[No. 53758-0-I. Division One. February 14, 2005.]

*In the Matter of the Personal Restraint of* GREGORIO LOPEZ, *Petitioner.*

*Gregorio Lopez*, pro se.

*Thomas M. Kummerow* (of *Washington Appellate Project*), for petitioner.

*Robert M. McKenna, Prosecuting Attorney,* and *Ronda D. Larson, Assistant,* for respondent.

¶1 KENNEDY, J. — Gregorio Lopez filed a personal restraint petition challenging the Department of Corrections'

(DOC) determination that he was not eligible for an enhanced early prison release program. Although the DOC's reconsideration of its earlier statement that Lopez was qualified is doubtless disappointing and frustrating to Lopez, he has identified no legal deficiency in the determination and accordingly has not stated grounds for relief here. We deny the petition.

## FACTS

¶2 Gregorio Lopez is serving a 91-month sentence for delivery of heroin in a school zone. In 2003, while Lopez was serving his sentence, the legislature enacted Engrossed Substitute Senate Bill 5990, now codified at RCW 9.94A-.728(1)(b), which allows certain defendants serving sentences for nonviolent crimes to receive a 50 percent reduction in their incarceration for good conduct in prison instead of the 33 percent maximum previously available. One of the requirements for eligibility for that program is that the DOC has classified the defendant in one of the two lowest risk categories in the DOC's four-category risk assessment hierarchy. *See* RCW 9.94A.728(1)(b)(ii)(A).

¶3 When he learned he might be eligible for the additional reduction, Lopez began corresponding with DOC officials. He received a number of written responses stating that his risk assessment resulted in the lowest classification, "RM-D," which qualified him for early release in March 2004 under the 50 percent program. These responses included a July 15, 2003 letter from the superintendent of Lopez's prison, who wrote that "[t]he bottom line is, you are eligible for the 50% reduction of your sentence. . . . You are not being held from release based on any Risk Management level." Personal Restraint Pet., Ex. 2. A week later, the superintendent wrote again, repeating the March date and admonishing Lopez: "Please make an effort to remain infraction free so that this date will not have to be changed. I consider this issue resolved; no further correspondence will be issued on this matter." Personal Restraint Pet., Ex. 3.

¶4 Lopez was transferred to a new facility. When, despite receiving no new infractions, he learned his release date had been adjusted to May 2004, Lopez filed an inmate complaint in November 2003. Lopez's new classification counselor Russell Ward responded that earlier calculations had failed to account for all the infractions Lopez had received at the beginning of his incarceration but that Lopez was still eligible for the 50 percent reduction.

¶5 Later in November, however, Ward reviewed Lopez's risk management classification pursuant to standard DOC policy requiring a more intensive reassessment of an inmate's classification as his projected release date nears. Ward determined that Lopez scored 41 on the DOC's "Level of Service Inventory-Revised" (LSI-R). This was 11 points higher than Lopez's previous score and just high enough to move Lopez up two levels in the classification system to RM-B, disqualifying him from the 50 percent good-time reduction and resulting in a new projected release date in May 2005.[1]

¶6 Lopez filed this personal restraint petition. In response to the petition, the DOC audited Ward's reassessment. Although concluding some individual items in the LSI-R changed, the auditors determined that Lopez's final score did not change, and Lopez remained classified at risk level RM-B.

## DECISION

■ ¶7 When, as here, an inmate challenges a decision from which the inmate has had no other avenue for obtaining state judicial review, we review the personal restraint

---

[1] The DOC's initial response to Lopez's pro se petition contained a declaration by Ward along with copies of certain DOC official policy statements. After Lopez's appointed counsel filed his supplemental brief, and after the DOC filed its supplemental response, the DOC filed a motion to supplement the record by adding additional policy materials and a new declaration by Ward correcting what the DOC describes as misstatements in Ward's original declaration. Lopez has objected, contending that the additional materials are not relevant to the narrow issues he raises in this petition. We deny the DOC's motion because the additional facts do not make a difference in our analysis. RAP 9.10; *State v. Wade*, 138 Wn.2d 460, 979 P.2d 850 (1999).

petition by examining the requirements of RAP 16.4. *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994). Under this rule, the inmate is entitled to relief if he can show that a decision "was imposed or entered in violation of the Constitution of the United States or the Constitution or laws of the State of Washington." RAP 16.4(c)(2). A showing that a governmental agency has failed to comply with its own rules or regulations is sufficient. *Cashaw*, 123 Wn.2d at 147-48.

■■ ¶8 Lopez first contends that the doctrine of equitable estoppel prevents the DOC from altering its initial position that he qualified for the 50 percent sentence reduction. Equitable estoppel requires (1) that the party sought to be estopped has made an admission or statement or acted in such a manner as is inconsistent with a later claim; (2) that the other party reasonably relied upon the admission, statement or act; and (3) that the other party would suffer injury if the party to be estopped were allowed to contradict the earlier admission, statement or act. *Pub. Util. Dist. No. 1 of Klickitat County v. Walbrook Ins. Co., Ltd.*, 115 Wn.2d 339, 347, 797 P.2d 504 (1990). In addition, because equitable estoppel against the government is not favored, two additional requirements apply to Lopez: that the doctrine is necessary to prevent a manifest injustice and that the exercise of governmental functions must not be impaired if estoppel is employed. *See In re Pers. Restraint of Peterson*, 99 Wn. App. 673, 680, 995 P.2d 83 (2000).

■■ ¶9 It is only necessary for us to consider the requirement that Lopez show injury from the DOC's change in position. "To establish an 'injury' for equitable estoppel purposes, a party must establish he or she justifiably relied to his or her detriment on the words or conduct of another." *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 747, 863 P.2d 535 (1993). The only injury Lopez asserts he suffered was that he was led to improve his behavior in prison to avoid receiving any more disciplinary infractions. This cannot be said to have been reliance to his detriment. Even without the 50 percent reduction in his sentence,

avoiding prison infractions allows Lopez to remain eligible for the earliest possible release under the 33 percent rule. The equitable estoppel claim fails.

¶10 Lopez also cites *In re Personal Restraint of Roach*, 150 Wn.2d 29, 74 P.3d 134 (2003) as support for his contention that fundamental fairness and equitable principles require that we grant his petition. In *Roach*, the DOC prematurely released an inmate who had not served his complete sentence. When the error was discovered and the inmate returned to custody, he requested credit for the time during which he was released because the error had been solely due to DOC negligence. The DOC denied his request, but our Supreme Court granted relief, electing to follow the majority rule in federal and other state courts that recognizes an "equitable doctrine of credit for time at liberty." *Id.* at 33.

¶11 *Roach* is not helpful to Lopez. The reasoning adopted by our Supreme Court in *Roach* was that a prisoner without fault for his erroneous release retains the right to serve his sentence continuously rather than in installments, a practice that would necessarily delay his ultimate reintegration into normal society. *Id.* at 34 (quoting *White v. Pearlman*, 42 F.2d 788, 789 (10th Cir. 1930)). In this case, Lopez was never released. Moreover, an essential requirement of the doctrine adopted in *Roach* is that the State acted with negligence. *Id.* at 37. Lopez has made no showing that the DOC acted with any fault or otherwise violated any law or any of its own rules in conducting either the initial assessment or the more intensive reassessment.

¶12 The personal restraint petition is denied.

AGID and SCHINDLER, JJ., concur.