# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

In the Matter of the Post-Sentence )
Review of )
) No. 68881-2-I
)
BRIAN WANDELL, ) ORDER DENYING MOTION
) FOR RECONSIDERATION
Respondent, ) AND PUBLISHING OPINION
v. )
) FILED
) Jul 23, 2013
STATE OF WASHINGTON, ) Court of Appeals
) Division I
Petitioner. ) State of Washington

The respondent, Brian Wandell, has filed a motion for reconsideration herein. The court has taken the matter under consideration and has determined that the motion for reconsideration should be denied, and that the opinion of the court be published.

Now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and, it is further

ORDERED that the opinion of the court filed June 10, 2013, shall be published and printed in the Washington Appellate Reports.

Done this 23rd day of July, 2013.

FOR THE COURT:

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Post-Sentence Review of | ) ) ) | No. 68881-2-I |
| BRIAN WANDELL, | ) ) | DIVISION ONE |
| Respondent, | ) ) | PUBLISHED OPINION |
| v. | ) ) ) | |
| STATE OF WASHINGTON, | ) ) | |
| Petitioner. | ) ) ) | FILED: June 10, 2013 |

GROSSE, J. — The Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, permits modification of sentences only in specific, carefully delineated circumstances. SRA sentences can be modified only if they meet the requirements of the SRA provisions relating directly to the modification of sentences. Here, as Brian Wandell's counsel conceded at oral argument, no provision of the SRA allows the modification at issue here. The arguments Wandell raises to justify the modification are without merit. Accordingly, we grant the Department of Corrections' post-sentence petition and vacate the order modifying Wandell's judgment and sentence.

## FACTS

Brian Wandell pleaded guilty to one count of third degree rape of a child. By judgment and sentence entered in March 2010, the court imposed 13 months of confinement and 36 months of community custody. One of the conditions of community custody prohibited Wandell from remaining "overnight in a residence where minor children live or are spending the night."

Wandell was released from prison to community custody on October 10, 2010. He received permission to transfer his supervision to the state of Missouri pursuant to the Interstate Compact for Adult Offender Supervision (ICAOS), RCW 9.94A.745. By order dated January 6, 2012, the sentencing court modified Wandell's community custody provisions to add the following provision: "The Missouri Department of Corrections shall be given explicit authority to modify any of Mr. Wandell's community custody provisions, including those contained in App[endix] A, as necessary for supervision and treatment purposes." The record indicates that Wandell sought the modification so the Missouri Department of Corrections could remove the prohibition on overnights stays in the presence of minor children and he would be able to move in with his wife and children in their Missouri home.

The Washington State Department of Corrections (DOC) filed a post-sentence petition seeking review of the sentencing court's order under RCW 9.94A.585(7), arguing that the sentencing court acted without lawful authority in modifying Wandell's community custody provisions.

### ANALYSIS

We review de novo whether a trial court exceeded its statutory authority under the SRA.[1] "When a trial court exceeds its sentencing authority under the SRA, it commits reversible error."[2]

The "SRA permits modification of sentences only in specific, carefully delineated circumstances."[3] SRA sentences can be modified "only if they meet

---

[1] State v. Smith, 159 Wn. App. 694, 699, 247 P.3d 775 (2011).
[2] State v. Hale, 94 Wn. App. 46, 53, 971 P.2d 88 (1999).

2

the requirements of the SRA provisions relating directly to the modification of sentences."[4] "Modification of a judgment is not appropriate merely because it appears, wholly in retrospect, that a different decision might have been preferable."[5] As Wandell's counsel conceded at oral argument, the SRA does not provide for the post-sentence addition of a community custody provision of the sort the sentencing court added here. Accordingly, the court acted without authority in modifying his sentence.

Further, because he now lives in Missouri, Wandell's community custody is governed by the ICAOS. The modification of supervision authority for an offender under the ICAOS "may be authorized only with the involvement and concurrence of a state's compact administrator or the compact administrator's designated deputies."[6] In Washington, the secretary of corrections or an employee of DOC designated by the secretary is the compact administrator under the ICAOS.[7] The modification of Wandell's community custody conditions runs afoul of the ICAOS rule because it was not made with DOC's concurrence. To the extent Washington law would authorize modification of the community custody conditions without DOC's concurrence, the law is superseded by the ICAOS.[8]

---

[3] State v. Shove, 113 Wn.2d 83, 86, 776 P.2d 132 (1989).
[4] Shove, 113 Wn.2d at 89.
[5] Shove, 113 Wn.2d at 88.
[6] ICAOS Rule 2.101(c), found at http://www.interstatecompact.org.
[7] RCW 9.94A.74502.
[8] See RCW 9.94A.745, art. XIV(a)(2) ("All compacting states' laws conflicting with this compact are superseded to the extent of the conflict.").

We reject Wandell's argument that the modification is a clerical error that is permissible pursuant to CR 7.8(a). The record shows that the trial court intended to impose the condition prohibiting Wandell from remaining overnight in a residence where minor children live or are spending the night. Further, the trial court did not have the treatment provider's recommendation before it when it sentenced Wandell because Wandell had not moved to Missouri or seen the provider at the time of sentencing. Accordingly, it could not have been the trial court's intention to sentence Wandell in accordance with the treatment provider's recommendation. CR 7.8(a) did not provide the trial court the authority to modify the sentence as it did.[9]

We likewise reject Wandell's argument that the condition the trial court added was necessary to prevent the sentence from infringing on his constitutional right to parent his children and that the trial court accordingly had the authority to correct the sentence pursuant to CrR 7.8(b)(5). That provision allows a court to relieve a party from a final judgment or order for "[a]ny other reason justifying relief from the operation of the judgment." Relief under this provision is appropriate where the circumstance at issue is an extraordinary circumstance that could not have been envisioned or dealt with at the time of sentencing.[10] Such is not the case here.

Finally, we reject Wandell's argument that we should deny DOC's post-sentence petition because without the modification the sentence interferes with his fundamental right to parent his children. Wandell failed to raise this

---

[9] See State v. Davis, 160 Wn. App. 471, 478, 248 P.3d 121 (2011).
[10] Smith, 159 Wn. App. at 701-02.

4

constitutional challenge in a collateral attack on his sentence through, for example, a personal restraint petition or a habeas corpus petition. Raising the challenge in response to DOC's post-sentence petition is not appropriate.

We grant DOC's post-sentence petition and vacate the order modifying Wandell's judgment and sentence.

WE CONCUR: