[No. 48187-1-II. Division Two. March 21, 2017.]

THE STATE OF WASHINGTON, *Respondent*, v. ERIK G. PETTERSON, *Appellant*.

*Thomas E. Weaver Jr.*, for appellant.

*Robert W. Ferguson, Attorney General*, and *Mandy L. Rose, Assistant*, for respondent.

¶1 SUTTON, J. — Erik Petterson appeals the superior court's order granting the Department of Corrections' (Department) motion to modify the conditions of Petterson's sentence under the special sex offender sentencing alternative (SSOSA) and reinstating the condition that Petterson comply with conditions imposed by the Department.[1] Here, Petterson's community custody conditions were erroneously modified in 2008 because the superior court did not have the authority to modify Petterson's community custody conditions; therefore, the superior court properly remedied the error by reinstating the condition at issue in 2015. The condition at issue is a mandatory condition of all community custody; therefore, it was appropriate for the superior court to reinstate it. Accordingly, we affirm.

## FACTS

¶2 In 2002, Petterson pleaded guilty to child molestation in the first degree and was sentenced under SSOSA. Petterson was sentenced to 68 months' confinement, with 62 months suspended, for the maximum term of life. As a condition of his suspended sentence, Petterson was placed on community custody and, among other conditions, re-

---

[1] Former RCW 9.94A.670 (2001). Petterson committed his crime in 2001 and was sentenced under the SSOSA sentencing scheme codified in former RCW 9.94A.670. Accordingly, former RCW 9.94A.670 is the applicable law in this case. Since 2001, there have not been substantive changes to the provisions at issue here, although other changes to SSOSA have resulted in changes to the sections and subsections. Here, we cite to the applicable law from 2001 but include citations to the corresponding sections and subsections under the current law.

quired to comply with all conditions imposed by the Department. Petterson's treatment termination hearing was set for February 7, 2005.

¶3 On October 4, 2005, the superior court entered an order at the treatment termination hearing. The order terminated Petterson's SSOSA sentence and community custody. On December 5, 2006, the State filed a motion to amend the order to reinstate community custody and the Department's supervision in accordance with the requirements of SSOSA. The superior court granted the State's motion and entered an amended order reinstating lifetime community custody.

¶4 Petterson appealed the superior court's amended order. In 2008, in an unpublished opinion, we determined that the order terminating community custody was a scrivener's error and affirmed the superior court's order correcting the error and reinstating lifetime community custody.

¶5 Petterson then filed a motion to terminate community custody. The superior court did not terminate community custody, but entered an order (2008 order)[2] modifying Petterson's community custody conditions to impose only two conditions: (1) the defendant shall obey all laws and (2) the defendant shall update the Department of any change in address or phone number.

¶6 In August 2015, the Department filed a motion to reinstate the SSOSA condition requiring an offender to comply with any conditions imposed by the Department. Prior to the 2015 motion, the Department had declined to take any position on the superior court's authority to modify community custody provisions; however, Petterson's community custody officer supported Petterson's motion to terminate community custody.

---

[2] Clerk's Papers (CP) at 40 (Order Modifying Cmty. Custody Conditions, No. 01-1-01509-3 (Kitsap County Super. Ct., Wash. May 30, 2008)).

¶7 On September 16, 2015, the superior court entered its order (2015 order)[3] granting the Department's motion. The superior court concluded that the court did not have the authority to modify the community custody conditions in the 2008 order. The superior court also concluded that compliance with conditions imposed by the Department was a mandatory condition and the superior court did not have the authority to remove that specific condition. Therefore, the superior court granted the Department's motion and reinstated the requirement that Petterson comply with additional community custody conditions imposed by the Department. Petterson appeals the superior court's 2015 order.

## ANALYSIS

¶8 The issue before this court is whether the superior court erred by granting the Department's motion to modify Petterson's community custody provisions.[4] Here, the superior court properly remedied the 2008 order in which the superior court modified the conditions of community custody without the authority to do so and reimposed a mandatory community custody condition. Accordingly, we affirm the 2015 order.

---

[3] CP at 142 (Order on Mot. to Modify Conditions of Cmty. Custody, No. 01-1--01509-3 (Kitsap County Super. Ct., Wash. Sept. 16, 2015)).

[4] Petterson also argues that equitable estoppel bars the Department from making a motion to modify. Here, equitable estoppel does not apply because Petterson has not established that he suffered injury as a result of complying with the 2008 order limiting the community custody conditions. *Kramarevcky v. Dep't of Soc. & Health Servs.*, 122 Wn.2d 738, 750-51, 863 P.2d 535 (1993) (An equitable estoppel claim requires establishing five elements, including injury.). Petterson argues that he relied on the Department's action by complying with the superior court's 2008 order. However, Petterson cannot show how being required to comply with the Department's imposed community custody provisions, in order to prevent revocation of his suspended SSOSA sentence, was detrimental. *See In re Pers. Restraint of Lopez*, 126 Wn. App. 891, 895, 110 P.3d 764 (2005) ("The only injury [petitioner] asserts he suffered was that he was led to improve his behavior in prison to avoid receiving any more disciplinary infractions. This cannot be said to have been reliance to his detriment.").

## I. Standard of Review

■ ¶9 Conditions of community custody are reviewed for an abuse of discretion. *State v. Sanchez Valencia*, 169 Wn.2d 782, 792-93, 239 P.3d 1059 (2010). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State v. Dixon*, 159 Wn.2d 65, 75-76, 147 P.3d 991 (2006). The superior court abuses its discretion if it reaches its decision by applying the wrong legal standard. *Dixon*, 159 Wn.2d at 76. "When we review whether a trial court applied an incorrect legal standard, we review de novo the choice of law and its application to the facts in the case." *State v. Corona*, 164 Wn. App. 76, 79, 261 P.3d 680 (2011).

¶10 Statutory interpretation is a question of law that this court reviews de novo. *State v. Rice*, 180 Wn. App. 308, 313, 320 P.3d 723 (2014) (citing *State v. Franklin*, 172 Wn.2d 831, 835, 263 P.3d 585 (2011)). Our objective is to determine and give effect to the legislature's intent. *Rice*, 180 Wn. App. at 313. We give effect to the statute's plain language when it can be determined from the text. *Rice*, 180 Wn. App. at 313 (citing *State v. Jones*, 172 Wn.2d 236, 242, 257 P.3d 616 (2011)). Statutes are interpreted to give effect to all language in them and to render no portion meaningless or superfluous. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003).

## II. Statutory Scheme

¶11 To determine whether the superior court erred by entering the 2015 order, we must examine the statute governing SSOSA, former RCW 9.94A.670 (2001), and the statutes governing community custody generally, former RCW 9.94A.715 (2001) and .720 (2000). Under SSOSA, if an offender charged with a sex offense qualifies for a sentencing alternative, the superior court may suspend the offender's sentence for the offender to engage in treatment.

Former RCW 9.94A.670(2)-(3). Former RCW 9.94A.670(4)(a)[5] states that when the superior court suspends a sentence under SSOSA,

> [t]he court shall place the offender on community custody for the length of the suspended sentence, the length of the maximum term imposed pursuant to RCW 9.94A.712, or three years, whichever is greater, and require the offender to comply with any conditions imposed by the department under RCW 9.94A.720.

¶12 Prior to an offender completing treatment imposed as a condition of the SSOSA sentence, the superior court must hold a treatment termination hearing. Former RCW 9.94A.670(6)-(8). Former RCW 9.94A.670(8)[6] provides, in relevant part,

> At the treatment termination hearing the court may: (a) Modify conditions of community custody, and either (b) terminate treatment, or (c) extend treatment for up to the remaining period of community custody.

¶13 Because offenders sentenced under SSOSA are placed on community custody, we also consider the statutes governing community custody. Former RCW 9.94A.715[7] provides, in relevant part,

> [(2)](b) As part of any sentence that includes a term of community custody imposed under this subsection, the court shall also require the offender to comply with any conditions imposed by the department under RCW 9.94A.720. The department shall assess the offender's risk of reoffense and may establish and modify additional conditions of the offender's community custody based upon the risk to community safety. In addition, the department may require the offender to participate in rehabilitative programs, or otherwise perform affirmative conduct, and to obey all laws.

---

[5] Currently codified at RCW 9.94A.670(5)(b).

[6] Currently codified at RCW 9.94A.670(9).

[7] Currently codified at RCW 9.94A.703.

(c) The department may not impose conditions that are contrary to those ordered by the court and may not contravene or decrease court imposed conditions. The department shall notify the offender in writing of any such conditions or modifications. In setting, modifying, and enforcing conditions of community custody, the department shall be deemed to be performing a quasi-judicial function.

And former RCW 9.94A.720[8] states,

(1)(a) All offenders sentenced to terms involving community supervision, community service, community placement, community custody, or legal financial obligations shall be under the supervision of the department and shall follow explicitly the instructions and conditions of the department. The department may require an offender to perform affirmative acts it deems appropriate to monitor compliance with the conditions of the sentence imposed.

. . . .

(d) For offenders sentenced to terms of community custody for crimes committed on or after July 1, 2000, the department may impose conditions as specified in RCW 9.94A.715.

### III. SUPERIOR COURT'S STATUTORY AUTHORITY TO MODIFY COMMUNITY CUSTODY CONDITIONS

 ¶14 As an initial consideration, we hold that the superior court did not abuse its discretion by issuing the 2015 order because the 2015 order was necessary to correct the 2008 order, which exceeded the superior court's authority. "After final judgment and sentencing, the court loses jurisdiction to the [Department]." *State v. Harkness*, 145 Wn. App. 678, 685, 186 P.3d 1182 (2008). Sentences imposed under the Sentencing Reform Act of 1981 (SRA)[9] "may be modified only if they meet the requirements of the SRA provisions relating directly to the modification of sen-

---

[8] Currently codified at RCW 9.94A.704.

[9] Ch. 9.94A RCW.

tences." *State v. Shove*, 113 Wn.2d 83, 89, 776 P.2d 132 (1989). Absent explicit authorization, the superior court lacks jurisdiction to modify an offender's sentence. *Harkness*, 145 Wn. App. at 685-86; *Shove*, 113 Wn.2d at 88-89.

¶15 SSOSA includes only one provision explicitly authorizing the superior court to modify the offender's sentence: "At a treatment termination hearing the court may . . . [m]odify conditions of community custody." Former RCW 9.94A.670(8). Here, the superior court's 2005 order was entered following Petterson's treatment termination hearing, and that order did not modify the conditions of Petterson's community custody. The 2008 order, which did modify Petterson's community custody conditions, was entered following a motion to terminate community custody. Nothing in SSOSA provides explicit authority for the superior court to modify the conditions of community custody after the treatment termination hearing. Therefore, the superior court entered the 2008 order without the authority to do so. The superior court properly remedied this error by entering the 2015 order reinstating a condition that was improperly removed by the 2008 order.

¶16 Petterson argues that the provision allowing the superior court to modify community custody conditions at a treatment termination hearing implicitly provides the superior court the authority to modify community custody conditions at any time. However, our Supreme Court has clearly stated that if the superior court's power to set a sentence carried with it the power to modify the sentence, it would undermine the finality in rendered judgments. *Shove*, 113 Wn.2d at 88. "Final judgments in both criminal and civil cases may be vacated or altered only in those limited circumstances where the interests of justice most urgently require." *Shove*, 113 Wn.2d at 88. Here, Petterson does not allege that the interests of justice "most urgently require" modifying his community custody conditions. *Shove*, 113 Wn.2d at 88. Because this is the only circum-

stance under which the superior court has the inherent authority to modify a sentence, we reject Petterson's argument that the superior court's explicit authority to modify community custody conditions at the treatment termination hearing carries with it the authority to modify community custody conditions at any time.

IV. SUPERIOR COURT'S AUTHORITY TO MODIFY MANDATORY COMMUNITY CUSTODY CONDITIONS

¶17 Even if we accept that the superior court had the authority to modify community custody conditions after an offender's treatment termination hearing, the superior court does not have the authority to modify mandatory community custody conditions. *See State v. Lundy*, 176 Wn. App. 96, 102-03, 308 P.3d 755 (2013). Because the statutes governing imposition of community custody require the superior court to order an offender to comply with conditions imposed by the Department, the condition is mandatory and the superior court did not have the authority to remove the condition in the 2008 order. *See Lundy*, 176 Wn. App. at 102-03. Accordingly, the superior court did not abuse its discretion by reinstating a condition required in all community custody sentences.

¶18 The language in former RCW 9.94A.715(2)(b) is explicit. The superior court "shall also require the offender to comply with any conditions imposed by the department under RCW 9.94A.720" as a condition of community custody. Generally, the term "shall" is presumptively imperative and creates a duty rather than granting a superior court discretion. *State v. Bartholomew*, 104 Wn.2d 844, 848, 710 P.2d 196 (1985). Therefore, the superior court did not have the discretion to remove this mandatory condition in the 2008 order.

¶19 Petterson argues that the provision prohibiting the Department from contravening a court order somehow grants the superior court continuing authority to modify

community custody conditions. Although the Department's authority is limited by the terms of a court order, it does not follow that the superior court retains the authority to modify community custody conditions. A reasonable reading of the plain language of the statute, taking into account all the provisions governing community custody, demonstrates that the superior court's final court order is what effectively limits the Department's authority to act. Moreover, nothing in the statutory language Petterson cites indicates the superior court has the authority to modify explicitly mandatory conditions.

¶20 The superior court did not abuse its discretion by entering the 2015 order because the superior court lacked the authority to modify community custody conditions in the 2008 order. Moreover, even if the superior court retained some discretion to modify community custody conditions throughout the term of an offender's community custody, it does not have the authority to modify mandatory conditions explicitly required by statute. Accordingly, we affirm the superior court's 2015 order.

WORSWICK and LEE, JJ., concur.

Review granted at 189 Wn.2d 1001 (2017).