# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50729-3-II |
| Respondent, | |
| v. | |
| CURTIS RICHARD FAMBRO, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Curtis Richard Fambro appeals his sentence following a jury trial. Fambro argues, and the State concedes, that the trial court erred by sentencing him to 36 months of community custody. We accept the State's concession and remand to the trial court to modify the community custody term.

## FACTS

A jury found Fambro guilty of two counts of first degree identity theft,[1] one count of second degree identity theft,[2] one count of first degree theft,[3] two counts of second degree theft,[4] and two counts of forgery.[5] The trial court sentenced Fambro to 73.5 months of incarceration. The trial court also imposed 36 months of community custody on Fambro's two first degree

---

[1] RCW 9.35.020(1), (2).

[2] RCW 9.35.020(1), (3).

[3] Former RCW 9A.56.030(1) (2013).

[4] Former RCW 9A.56.040(1) (2013).

[5] RCW 9A.60.020(1).

identity theft convictions and one second degree identity theft conviction, determining that the convictions were for serious violent offenses. Fambro appeals.

ANALYSIS

Fambro argues that the trial court erred in sentencing him to 36 months of community custody. The State concedes error. Because the trial court exceeded its statutory authority in sentencing Fambro to 36 months of community custody, we accept the State's concession.

We review whether a trial court exceeded its statutory authority under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, de novo. *In re Postsentence Review of Wandell*, 175 Wn. App. 447, 451, 311 P.3d 28 (2013). A trial court exceeds its authority when it imposes a sentence that is not authorized under the SRA. *In re Pers. Restraint of Toledo-Sotelo*, 176 Wn.2d 759, 767, 294 P.3d 51 (2013).

Under RCW 9.94A.701(3)(a), a trial court must sentence a defendant to 12 months of community custody for any crime against persons. RCW 9.94A.411(2)(a) defines both first degree and second degree identity theft as "[c]rimes against persons." Under RCW 9.94A.701(1)(b), the trial court must sentence a defendant who commits a serious violent offense to 36 months of community custody. Neither first nor second degree identity theft is a serious violent offense. RCW 9.94A.030(46).

The trial court sentenced Fambro to 36 months of community custody after determining that his two first degree identity theft convictions and one second degree identity theft conviction were serious violent offenses. However, neither first nor second degree identity theft is a serious violent offense under the SRA. Instead, both first degree and second degree identity theft are crimes against persons. Because Fambro's convictions were for crimes against persons, the SRA

2

No. 50729-3-II

authorized the trial court to impose only 12 months of community custody. Accordingly, the trial court exceeded its authority in sentencing Fambro to 36 months of community custody.

We accept the State's concession and remand to the trial court to modify the community custody term.[6]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J

We concur:

_____
Maxa, C.J.

_____
Johanson, J.

---

[6] Because we accept the State's concession of error, we do not reach Fambro's request that we refrain from awarding appellate costs against him.