# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52256-0-II |
| Respondent, | |
| v. | |
| JEFFREY WILLIAM HOCH, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, C.J. — Jeffrey W. Hoch appeals the denial of his CrR 7.8 motion to modify conditions of community custody. Hoch argues that the community custody condition that does not allow him to have contact with any minors violates his fundamental right to the care and companionship of his biological children. The State argues that the superior court did not have the authority to modify the condition and that Hoch's claim is time-barred. We agree with the State and affirm the superior court's denial of Hoch's motion.

## FACTS

In 2005, Jeffrey Hoch pleaded guilty to two counts of rape of a child in the second degree.[1] The victim was the daughter of Hoch's girlfriend, with whom he lived. The trial court sentenced Hoch to 136 months to life in confinement.[2] The trial court also imposed a community custody

---

[1] RCW 9A.44.076.

[2] Former RCW 9.94A.712 (2005), *recodified as* RCW 9.94A.507 (LAWS OF 2008, ch. 231, sec. 56(4)).

condition that Hoch have, "[n]o contact with any minors under age 18 years old." Clerk's Papers (CP) 13.

Thirteen years later, on June 13, 2018, Hoch filed a Motion to Modify Conditions of Community Custody to allow for visitation with his biological children under CrR 7.8(a).[3] Hoch argued that the terms of the community custody condition were ambiguous because they did not "address defendants who have biological children who are not victims and are not at risk of harm." CP at 17. Hoch contended that the condition denied him of his fundamental right to parent his child and was not narrowly tailored or reasonably necessary to protect the state interest of protecting children from harm. He requested that the condition be changed to: "no contact with female minors without prior approval from CCO and or therapist. . . . Defendant is not restricted from contact with his own biological minor children." CP at 20. In support of his motion, Hoch provided a declaration from the legal guardian of his biological son. This declaration supported Hoch contacting his son.

---

[3] Hoch filed the motion pursuant to CrR. 7.8(a). CrR 7.8(a) involves clerical mistakes in judgments, orders, or other parts of the record. Hoch moved to make a substantive change—that he be allowed visitation with his biological children despite the community custody condition which states, "No contact with any minors under age 18 years old." CP at 17-18. This motion falls more squarely within the parameters of CrR 7.8(b) which states, "On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons . . . (5) Any other reason justifying relief from the operation of the judgment." In his reply brief, Hoch cites to his motion as pursuant to CrR 7.8(b)(5). The superior court addressed the merits of the motion as a substantive change rather than a clerical error. The State also recognizes this motion as pursuant to CrR 7.8(b)(5). Therefore, this opinion addresses the motion as pursuant to CrR 7.8(b)(5).

The superior court held a hearing on the motion on July 25, 2018. At the hearing, the State argued that Hoch's claim was time barred. The court did not rule on the time-bar issue and considered the motion on the merits.

In making its decision, the superior court noted that Hoch had lived with his ex-girlfriend and her children, including the victim for at least two years.[4] During those two years, he worked for approximately seven months and spent the remainder of the two years in a caretaker role for the victim and other children. Hoch invited another man to have sexual intercourse with the victim and introduced the victim to marijuana. Thus, according to the court, there were many violations of trust and good parenting. The court stated, "So, I think on that basis, that there was an abuse by Mr. Hoch of his parenting role by sexually abusing a minor who was in his care." Verified Report of Proceedings (VRP) at 9-10. The court also stated that there was no showing that Hoch had been rehabilitated. The court also pointed out that neither party had provided the son's age. The court stated that the son's age might have had some bearing on the court's decision. The court weighed these facts against the fundamental right to raise children without State interference. The court concluded that the crime-related prohibition was reasonable and ordered:

> Defense motion to visit his biological son is hereby denied as a reasonable crime-related prohibition protecting children who have been or may be in Defendant's care and control as guided by the analysis in State v. Corbett, 158 Wn. App. 576 (2010).

CP at 28.

Hoch appeals.

---

[4] The superior court relied on the pre-sentence investigation (PSI) and probable cause statement for these facts. Neither of these documents is in this appellate record.

ANALYSIS

A.    LEGAL PRINCIPLES

The superior court has authority, on motion and upon such terms as are just, to relieve a party from a final judgment for "'[a]ny other reason justifying relief from the operation of the judgment.'" *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011) (quoting CrR 7.8(b)(5)); CrR 7.8(b)(5).  Relief under CrR 7.8(b)(5) is limited to extraordinary circumstances not covered by another other section of CrR 7.8(b).[5]    *Smith*, 159 Wn. App. at 700.    "Extraordinary circumstances include fundamental and substantial irregularities in the court's proceedings or irregularities extraneous to the court's action."  *Id*.  Final judgments should be vacated or altered

---

[5] CrR 7.8(b) states,

On motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5;

(3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) The judgment is void; or

(5) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1) and (2) not more than 1 year after the judgment, order, or proceeding was entered or taken, and is further subject to RCW 10.73.090, .100, .130, and .140. A motion under section (b) does not affect the finality of the judgment or suspend its operation.

only in those limited circumstances, "where the interests of justice most urgently require." *State v. Shove*, 113 Wn.2d 83, 88, 776 P.2d 132 (1989). "CrR 7.8 (b)(5) will not apply when the circumstances used to justify the relief existed at the time the judgment was entered." *Smith*, 159 Wn. App. at 700 (citing *State v. Cortez*, 73 Wn. App. 838, 842, 871 P.2d 660 (1994)).

We review a trial court's denial of a CrR 7.8(b)(5) motion for abuse of discretion. *State v. Bratton*, 193 Wn. App. 561, 563, 374 P.3d 178 (2016). "A trial court abuses its discretion when it bases its decisions on untenable or unreasonable grounds." *Id*.

B.     SUPERIOR COURT'S AUTHORITY[6]

The State argues that the superior court lacked authority to modify the community custody condition.[7] We agree.

---

[6] While the State did not address this issue in the superior court, it can raise this issue for the first time on appeal under RAP 2.5(a)(1) ("[A] party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction.").

[7] The State also argues that Hoch should have attempted to modify his community custody condition through a personal restrain petition rather than a CrR 7.8(b)(5) motion, relying on *Wandell v. State*, 175 Wn. App. 447, 311 P.3d 28 (2013), *review denied*, 179 Wn.2d 1009 (2014).

In *Wandell*, the Washington State Department of Corrections (DOC) filed a postsentence petition seeking review of a sentencing court's order to modify Wandell's community custody provisions. 175 Wn. App. at 450. In response to DOC's petition, Wandell argued that the community custody condition that prohibited him from remaining overnight in a residence where minor children live or are spending the night, interfered with his fundamental right to parent his children. *Id*. at 450, 452-53. The court rejected Wandell's claim because Wandell failed to raise his constitutional challenge in a collateral attack on his sentence "through, *for example*, a personal restraint petition or a habeas corpus petition. Raising the challenge in response to DOC's postsentence petition is not appropriate." *Id*. at 453 (emphasis added).

Here, unlike in *Wandell*, Hoch filed a collateral attack on his sentence by filing a motion pursuant to CrR 7.8(b). The court in *Wandell* merely gave examples of methods for collateral attacks. *See id*. The court did not hold that a request for modification of a sentence must be filed as a personal restraint petition. Therefore, the State's argument lacks merit

Sentences imposed under the Sentencing Reform Act of 1981 (SRA) "may be modified only if they meet the requirements of SRA provisions relating directly to the modification of sentences." *Shove*, 113 Wn.2d at 89. Our Supreme Court has clearly stated that if the superior court's power to set a sentence carried with it the power to modify the sentence, it would undermine the finality in rendered judgments. *Id.* at 88.

"Final judgments in both criminal and civil cases may be vacated or altered only in those limited circumstances where the interests of justice most urgently require." *Id.* This is the superior court's only inherent authority to modify a sentence. *See State v. Petterson*, 198 Wn. App. 673, 682-83, 394 P.3d 385 (2017). "Modification of a judgment is not appropriate merely because it appears, wholly in retrospect, that a different decision might have been preferable." *Shove*, 113 Wn.2d at 88.

To determine whether the superior court has authority to modify the community custody condition, we must examine former RCW 9.94A.712, the statute governing the sentencing of sex offenders, and RCW 9.94A.704, the statute governing community custody generally. Former RCW 9.94A.712 states, in relevant part:

> (5) When a court sentences a person to the custody of the department under this section, the court shall, in addition to the other terms of the sentence, sentence the offender to community custody under the supervision of the department and the authority of the board for any period of time the person is released from total confinement before the expiration of the maximum sentence.
> (6) . . . (b) As part of any sentence under this section, the court shall also require the offender to comply with any conditions imposed by the board under RCW 9.94A.713 and 9.95.420 through 9.95.435.

RCW 9.94A.704, states, in relevant part:

6

(2)(a) The department shall assess the offender's risk of reoffense and may establish and modify additional conditions of community custody based upon the risk to community safety.

. . . .

(6) The department may not impose conditions that are contrary to those ordered by the court and may not contravene or decrease court-imposed conditions.

. . . .

(10)(a) When an offender on community custody is under the authority of the board, the department shall assess the offender's risk of recidivism and shall recommend to the board any additional or modified conditions based upon the offender's risk to community safety and may recommend affirmative conduct or electronic monitoring consistent with subsections (4) through (6) of this section.

. . . .

(11) In setting, modifying, and enforcing conditions of community custody, the department shall be deemed to be performing a quasi-judicial function.

Here, neither former RCW 9.94A.712, the provision of the SRA governing the sentencing of sex offenders, nor RCW 9.94A.704, the provision of the SRA governing community custody in general, provides explicit authority to the superior court to modify Hoch's community custody condition. Rather, the statutes provide the authority to DOC. Additionally, Hoch does not allege that the interests of justice "most urgently require" modifying his community custody conditions. *Shove*, 113 Wn.2d at 88; *see Petterson*, 198 Wn. App. 682-83. Therefore, the superior court did not have the authority to modify the condition.

Hoch cites to *State v. McGuire*, 12 Wn. App. 2d 88, 456 P.3d 1193 to support his argument that "'[a] court has jurisdiction to amend a judgment to correct an erroneous sentence, where justice requires, under CrR 7.8.'" Statement of Add'l Authorities (quoting *McGuire*, 456 P.3d at 94).

Although Hoch is correct in asserting that *McGuire* recognizes the court has jurisdiction to amend a judgment, the court also explained,

> "A court has jurisdiction to amend a judgment to correct an erroneous sentence, where justice requires, under CrR 7.8." CrR 7.8(b)(5) allows a defendant to move to modify a judgment and sentence for "any other reason justifying relief from the operation of the judgment." A violation of a fundamental constitutional right to parent, would be a reason to justify relief.

*McGuire*, 12 Wn. App. 2d 94 (quoting *State v. Hardesty*, 129 Wn.2d 303, 315, 915 P.2d 1080 (1996)). But, "CrR 7.8(b)(5) will not apply when the circumstances used to justify the relief existed at the time the judgment was entered." *McGuire*, 456 P.3d at 1196 (quoting *State v. Smith*, 159 Wn. App. 694, 700, 247 P.3d 775 (2011)); *Wandell v. State*, 175 Wn. App. 447, 452, 311 P.3d 28 (2013).

In *McGuire*, the court held that the motion to modify under CrR 7.8(b)(5) was properly before the court because the circumstances used to justify relief did not exist when the no contact order was entered. 12 Wn. App. 2d at 93. The trial court and the parties had been aware that McGuire's child was in utero, but "there was no child in existence at the time the trial court issued the no contact order and, at least in the context of the court's issuance of a no contact order, McGuire had no parental rights to protect until the birth of the child." *Id.*.

Here, while Hoch's argument does involve a fundamental constitutional right to parent, there is no evidence regarding Hoch's children at the time the judgment was entered. Hoch has not shown that his children did not exist or that he had no parental rights to protect at the time the judgment was entered. Because Hoch has not shown that circumstances used to justify the relief did not exist at the time the judgment was entered, CrR 7.8(b)(5) does not apply.

C.     TIME BAR

The State also argues that the motion to modify the community custody condition is time barred under RCW 10.73.090 because it has been more than one year since the judgment and sentence became final, and none of the enumerated exceptions from RCW 10.73.100 apply. Hoch replies that his motion under CrR 7.8(b)(5) is not time barred because the contested portion of the judgment and sentence is invalid on its face. We agree with the State.

1.     The Judgment and Sentence is Not Facially Invalid

Hoch argues that the community custody condition is not valid on its face because "the condition evidences infirmities of a constitutional magnitude." Reply Br. of App. at 2. Specifically, Hoch contends that the condition infringes on his fundamental liberty interest in the care and companionship of his children.

RCW 10.73.090(1) states, "No petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." A judgment and sentence is facially invalid if "the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002).

Here, the judgment and sentence does not show that Hoch had children of his own. Thus, nothing on the face of the document shows that the challenged community custody condition infringes on Hoch's fundamental liberty interest in the care and companionship of his children. Therefore, we hold that the judgment and sentence is not facially invalid.

2.       Exceptions to One-Year Time Bar Inapplicable

RCW 10.73.100 enumerates exceptions to the one-year time bar.  Specifically, RCW 10.73.100 states:

> The time limit specified in RCW 10.73.090 does not apply to a petition or motion that is based solely on one or more of the following grounds:
> (1) Newly discovered evidence, if the defendant acted with reasonable diligence in discovering the evidence and filing the petition or motion;
> (2) The statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct;
> (3) The conviction was barred by double jeopardy under Amendment V of the United States Constitution or Article I, section 9 of the state Constitution;
> (4) The defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction;
> (5) The sentence imposed was in excess of the court's jurisdiction; or
> (6) There has been a significant change in the law, whether substantive or procedural, which is material to the conviction, sentence, or other order entered in a criminal or civil proceeding instituted by the state or local government, and either the legislature has expressly provided that the change in the law is to be applied retroactively, or a court, in interpreting a change in the law that lacks express legislative intent regarding retroactive application, determines that sufficient reasons exist to require retroactive application of the changed legal standard.

Here, Hoch has not shown, or even argued, that any of the enumerated exceptions to the one-year time bar apply.  Therefore, because Hoch has failed to show that the judgment and sentence is facially invalid or that his claim fits into one of the enumerated exceptions in RCW 10.73.100, we hold that Hoch's case is time-barred.

Because the superior court lacked authority to modify the challenged community custody condition and Hoch's challenge is time-barred, we hold that the superior court did not abuse its discretion in denying Hoch's motion to modify the community custody condition.

No. 52256-0-II

Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Sutton, J.

11